STATE on rel. of SILAS N. MARTIN *et al. v.* WILLIAM SLOAN *et al.*

As a general rule the Supreme Court will not decide a case where nothing but the question of costs is involved; but if some important substantial right be involved an exception will be made and an opinion given.

In an application for an injunction, an affidavit for it made by a person not a party, that what he has stated in the complaint as of own knowledge is true, &c., is insufficient, because not being a party he has stated nothing.

A bond for $5,000 given by a party upon obtaining an injunction, and one for $10,000 given by a receiver upon being appointed such, are palpably insufficient where several hundred thousand dollars are involved in the issue.

This was a CIVIL ACTION in which an injunction was applied for and granted by his Honor, *Logan, J.,* at MECKLENBURG, in December, 1870, and which was brought to the Supreme Court upon the appeal of the defendants. The case with reference to the points decided will sufficiently appear in the opinion of the Court.

*Guion,* for the defendants.

*W. P. Bynum, Dowd* and *Attorney General Hargrove* for the plaintiffs.

READE, J. It was stated at the Bar that the Wilmington, Charlotte and Rutherford Railroad having been sold, neither party has any interest in the case except as to cost. When that is the case we are not in the habit of deciding the case. After the emancipation of the slaves we declined to try any case involving title to a slave. And we put the cases off the docket. Suppose parties at the beginning of a suit and in the pleadings were to admit that they had no rights involved, but that they would carry on the suit to see which could make the other pay costs, of course we would not try it. Upon the supposition, however, that there is in this case some substantial right to be litigated, we have no hesitation in saying that the granting the injunction and the appointment of a receiver were improvident. The affidavit

of Fremont is wholly insufficient. He swears that what he has stated in the complaint as of his own knowledge is true, and what he has stated not of his own knowledge he believes to be true, whereas he has stated nothing at all, not being one of the plaintiffs.

And again, the bond for the injunction, $5,000, and the bond of the receiver, $10,000, were palpably insufficient. There were probably several hundred thousand dollars involved.

There is error in the orders appealed from. Let this be certified.

PER CURIAM.           Order reversed.