A motion was then made by the defendants to vacate the injunction. Upon the hearing, among other things, it was adjudged by the court:
"Should the plaintiff appeal, he shall first give bond in the sum of fifty thousand dollars to continue the injunction, and also in the sum of five hundred dollars for costs of appeal."
From so much of the judgment of the court, as required the plaintiff to give bond in the said sum for the continuance of the injunction, the plaintiff appealed.
The case was before the court upon an appeal by the defendants, at June Term, 1875, and is reported in 73 N.C. Rep.
The action was brought to enjoin the defendants, who were the lessees of the North Carolina Railroad, from changing the gauge of that road. A restraining order was granted without notice, and then, upon notice, an injunction was granted until the final hearing. From that order the defendants appealed to this court. And this court directed the injunction to be dissolved. That, of course, carried the costs against the plaintiff; for the statute provides, "that in all civil actions, prosecuted in the name of the State, by an officer duly authorized for that purpose, the State shall be liable for costs in the same cases, and to the same extent as private parties." Bat. Rev., Chap. 17, Sec. 288, C. C. P.
But the injunction was continued until the hearing, upon condition
that the plaintiff give bond with surety, in the sum of $50.000 to indemnify the defendants, the bond to be given by a day (289) named, or else the injunction to be dissolved. From so much of the order as required the plaintiff to give the $50.000 bond, the plaintiff appealed. We assume that on the day named, the plaintiff gave the $50,000 bond, notwithstanding the appeal, although it is not so stated in the record, and no such bond appears among the papers.
We are now asked to decide:
(1) First, whether it was lawful to require the plaintiff to give the bond.
(2) Secondly, are the sureties upon said bond liable. *Page 225 
We decline to decide the first point, because it is of no practical importance. The plaintiff gave the bond, or if she did not, there is no need that she should, or should not give it now; because the subject matter of the action was decided upon the defendant's appeal. In cases where slaves were the subjects of actions pending at their emancipation, we declined to decide the cases, as the subject matters were gone, and nothing involved but the costs. Kidd v. Morrison, 62 N.C. 31. And we have lately said, that we would not try a case when nothing but the costs is involved.Martin v. Sloan, 69 N.C. 128.
In such cases we dismiss the appeal.
We decline to decide the second point, as to the liability of the sureties, because it is not presented by the record.
The liability of the sureties does not necessarily depend upon the liability of the principal. Davis v. Commissioners of Stokes Co.,72 N.C. 441.
Appeal dismissed.
PER CURIAM. judgment affirmed.
Cited: May v. Darden, 83 N.C. 239; Hasty v. Funderburk, 89 N.C. 94;Russell v. Campbell, 112 N.C. 405; Futrell v. Deanes, 116 N.C. 40;Herring v. Pugh, 125 N.C. 438; In re Burnett, 225 N.C. 647; Swink v.Horn, 226 N.C. 719.
(290)