GRAY *v.* A. & N. C. R. R. Co.

*STATE and JULIUS A. GRAY and others v. THE ATLANTIC & NORTH CAROLINA RAILROAD COMPANY.

1. It is against the policy of the law to allow multiplicity of suits between the same parties about the same matter; *Therefore,* where the plaintiff herein was a party to an action pending in the Superior Court of one County, and thereupon instituted this action in the Superior Court of another County for relief which he might have sought by proceedings in the former Court; *Held,* that this action should be dismissed.

2. This Court will not try a case wherein the subject matter is not in dispute, and only the question of costs remains.

(*Childs* v *Martin,* 69 N. C. 126; *Martin* v. *Sloan, Ibid.* 128; *Claywell* v. *Sudderth, ante.* 287, cited and approved.)

MOTION to vacate an Order appointing a Receiver, and for an Injunction, heard at Chambers in Greensboro, on the 15th of March, 1877, before *Cox, J.*

A statement of the facts is not necessary to an understanding of the opinion. See the two preceding cases. His Honor refused both motions and the defendant appealed.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Messrs. W. N. H. Smith* and *D. G. Fowle,* for defendant.

READE, J. The subject matter of this suit was at the time of its commencement already involved in a suit pending in the Superior Court of Craven, entitled " Commissioners of Craven v. A. & N. C. R. R. Co, John L. Morehead and Julius A. Gray," *ante* 289, in which the plaintiff Gray, was a party. And the relief sought in this case—the appointment of a Receiver and an injunction—could have been as well obtained in that case as in this. And as it is against the policy of the law to allow multiplicity of suits between the same parties about the same matter, the plaintiff's motions ought to have been refused, and the suit dismissed. *Childs* v. *Martin,* 69 N. C. 126; *Claywell* v. *Sudderth, ante,* 287.

*Faircloth, J., did not sit on the hearing of this case.

There was therefore error in allowing the plaintiff's motions for a Receiver and for an injunction.

Furthermore, we have frequently held that where the subject matter of a suit is no longer in dispute, and nothing but the costs remain, we will not try the case. *Martin* v. *Sloan*, 69 N. C. 128. The subject matter of this suit has been disposed of at this term in the aforesaid Craven suit. There is no reason, therefore, why the suit should remain; and we would dismiss it here, but the appeal being only from interlocutory orders, the case is not in this Court.

There is error. This will be certified to the end that the case may be dismissed.

Per Curiam.                                    Judgment reversed.