W. J. ROEBUCK v. BOARD OF TRUSTEES OF ROBERSONVILLE.

(Filed 4 October, 1922.)

1. **Schools — School Districts — Constitutional Law — Statutes—Amendments—Bonds—Taxation.**

Where a school district has been defined as to its boundaries, etc., and created under the provisions of a statute valid before the adoption of the amendment to our State Constitution, Art. II, sec. 29, and which authorized a bond issue in a certain sum, a statute passed since the adoption of this constitutional amendment authorizing an increase of the bonds to be issued, upon the approval of the voters according to the statutory amendment, does not contravene the constitutional amendment as to "establishing or changing the lines of school districts," the lines established under the prior valid statute remaining the same.

2. **Same—Elections—Approval of Voters.**

Where the only purpose of a statutory amendment to an act passed prior to the adoption of Article II, section 29, of our Constitution is to authorize an increase in the amount of bonds to be issued by a school district for school purposes, upon the adoption of the statutory amendment by the voters of the district, the act of the voters in approving the statutory amendment is a vote to authorize and approve the issuance of the bonds, and to vest power in the trustees of the school district for that purpose.

APPEAL by defendants from *Connor, J.,* at chambers, in August, 1922, from MARTIN.

Controversy without action, to determine the validity of a school bond election, submitted on an agreed statement of facts.

From a judgment declaring that the election in question was held without authority or warrant of law, the defendants duly excepted and appealed.

*Critcher & Critcher for plaintiff.*
*Smith, Dunning & Moore for defendants.*

STACY, J. It appears from the facts agreed that on 3 June, 1922, an election was held in Robersonville Graded School District, Martin County, same having been held in accordance with the provisions of Private Laws 1905, ch. 204, as amended by Private Laws 1921, ch. 152, and that at said election a majority of the qualified voters resident in said district voted in favor of the proposed bond issue of $50,000.

Plaintiff contends in the first place that the act of 1921 above mentioned is in conflict with Article II, section 29, of the State Constitution, and therefore void. The Robersonville Graded School District was created by Private Laws 1905, ch. 204, in which the lines and boundaries

of said district were specifically set out and fully described in said act. This was done, of course, prior to the adoption of the constitutional amendment in 1916 prohibiting, among other things, any local, private, or special legislation in regard to "establishing or changing the lines of school districts." In section 8 of this act, the board of trustees of said school district was authorized and empowered to issue bonds to an amount not exceeding $3,000, for the purpose of erecting or acquiring school buildings, furnishings, and other necessary equipment. In the amendatory act of 1921 it was provided that this section should be amended by striking out in line three thereof the words and figures, "three thousand dollars ($3,000)," and inserting in lieu thereof the words and figures, "fifty thousand dollars ($50,000)."

It will be noted that the act of 1921 does not undertake to establish a new school district, nor to change the lines or boundaries of the one already existing. Its only purpose is to increase the power and authority of the present board of trustees with respect to the amount of bonds which it is authorized to issue, after said bonds have been approved by a majority of the qualified voters resident in the district. We think it is clear that this amendatory act does not fall within the prohibition of the recent constitutional amendment, now Article II, section 29, of the Constitution. *Board of Education v. Comrs.,* 183 N. C., 300; *In re Harris,* 183 N. C., 636, and cases there cited.

It is further objected to the validity of the bonds in question that, under section 4 of the act of 1921, the election of 3 June, 1922, was not to authorize the issuance of the bonds with the approval of the qualified voters of the district, but only to ratify and to adopt the amendment itself.

Section 4 of the act is as follows: "That an election shall be called by the board of trustees of Robersonville Graded School District within two years after the first day of March, one thousand nine hundred and twenty-one, and such election shall be advertised, conducted, and held under the rules and regulations set out in said chapter two hundred and four of the Private Laws, session one thousand nine hundred and five, and at such election all electors of said district who wish to vote for this amendment shall cast a ballot with the words 'For New School Buildings' written thereon, and all the electors wishing to vote against this amendment shall cast a ballot with the words 'Against New School Buildings' written thereon, and if a majority of all ballots cast at such election shall be 'For New School Buildings' the said chapter two hundred and four of said Private Laws of one thousand nine hundred and five shall be amended as in this act provided, and in case of a majority of all ballots cast at such election shall be 'Against New School Buildings,' this act shall be null and void and of no effect."

10—184

In the notice of election it was stated that the purpose of the election was to ascertain "the sense of the qualified voters of said graded school district on the question of whether the board of trustees of said Robersonville Graded School District shall issue bonds in a sum not to exceed $50,000 for the purpose of erecting modern school buildings and equipment therefor." And on the ballots cast by a majority of the qualified voters resident in the district were the words "For New School Buildings." Those voting in the minority cast ballots with the words "Against New School Buildings" appearing thereon. The bond issue, beyond all peradventure, was the question upon which the electors voted. *Perry v. Comrs.,* 183 N. C., 393. Indeed, we think it follows as a necessary conclusion that a vote to amend the act so as to increase the power and authority of the trustees to issue bonds in an amount not to exceed $50,000, for the purposes stated, was a vote to authorize and to approve the issuance of said bonds. A vote to vest a given power in an administrative board is a vote to approve the exercise of that power by such board.

Speaking to a similar question in *Keith v. Lockhart,* 171 N. C., 456, *Associate Justice Hoke* said: "We see no reason why, as designed by this last section, if it had been otherwise valid, a majority vote for 'no stock law' should not be construed and considered as an adequate and sufficient expression of approval by the voters, authorizing the commissioners to levy a tax for the specific purpose."

From the foregoing, and upon the facts agreed, we hold that the bonds in question may be issued as valid obligations of the district.

Error.