CAROLINA AUTOMOTIVE TRADE ASSOCIATION ET AL. v. W. O. COCHRAN, SHERIFF OF MECKLENBURG COUNTY, ET AL.

(Filed 22 January, 1924.)

**Taxation—Licenses — Automobiles — Principal and Agent — Vendor and Purchaser.**

State agencies for the sale of automobiles and motor trucks are required to pay a license tax of $500, which includes all employees at the headquarters of the business in this State. Subagencies operating at a separate place of business other than such headquarters are required to pay a license tax of $5 for each subagency, which includes all employees thereat who do not make or solicit sales outside of their respective locations, but not to outside salesmen. The latter are required to carry with them a duplicate license, at a cost of $5 to each one, to show their authority to sell under license issued to their headquarters. Sections 22 and 78, chapter 4, Laws 1923.

THIS is a petition to rehear this case in which the opinion, 186 N. C., 159, was filed at this term, 3 October, 1923.

*C. A. Cochran and John M. Robinson for plaintiffs.*

*Attorney-General Manning and Assistant Attorney-General Nash for defendants, respondents.*

CLARK, C. J. The petition to rehear is not based upon any allegation of error in the opinion filed, but upon the ground that the opinion "failed to determine one of the vital questions raised in the record."

The petition alleges that this action was instituted for the purpose of contesting the ruling of the Commissioner of Revenue in two particulars, to wit:

(a) Collection of a special $500 license tax for the sale of passenger cars and a separate one for the sale of trucks, though both are made by the same manufacturer and sold under the same name;

(b) The requirement of the Commissioner of Revenue that each individual salesman employed either by the State agent or by a local dealer, take out a separate certified duplicate of the $500 license referred to on payment of $5.

The petitioners admit that the opinion heretofore filed passed upon the first question above indicated and as to that no rehearing is now sought, but aver that the Court failed to pass upon the second and seek to have the Court now to make a clear and distinct ruling upon this second point.

Judge Harding in the judgment rendered in this case ordered that, "The said commissioner is also enjoined and restrained from demanding or requiring that any one who has obtained the said $500 license, or the duly appointed agent of such holder procure and pay for a separate certified duplicate thereof, for each individual salesman employed either by the holder of said license or by the duly appointed agent of such holder; or from making such demand directly upon such salesman.

In our former opinion the Court said: "The statute intends that only the person paying the $500 license tax is entitled to have a certified duplicate issued to his agent upon the payment of $5.00. The payment of this $500 for the whole State covers all automobiles—or all auto trucks—but not both—manufactured by the same factory, under the same name, irrespective of the peculiar styles of the automobile or of the truck."

It seems that the question now presented arises from the fact that both the State agent and the local dealer maintain organizations for the sale of automobiles, or of trucks, and that each person in the organization is essentially engaged in the business of selling automobiles. For instance, a mechanic in the shop sells an automobile when he can; so does the bookkeeper and so does any other member of the force. It would be difficult, it is alleged, to go to any organization and designate any particular members of it as salesmen. The petitioners allege that subsequent to the decision heretofore rendered the Commissioner of Revenue has sent out a demand that each individual salesman employed by either a State agent or a local dealer obtain a certified duplicate certificate. This as we understand it, is the matter upon which a fuller ruling is asked by this rehearing.

· Section 94 of the statute provides: "It shall be unlawful for any person, firm, or corporation to carry on any business or practice any profession, for which a license is required by this act, without having a special tax license therefor posted in a conspicuous place at the place where such business is carried on. This does not apply to any license under which a person operates outside of his place of business; and if the business that is made taxable is carried on at two or more separate places, a separate license for each business shall be required. Any person violating the provisions of this section shall be liable for a penalty of $25."

This section requires the holder of the $500 license to post it in a conspicuous place where such business is carried on and this is a protection to all persons doing business in that particular place. But if the holder of the license attempts to do business outside of his place of business or at a separate place he must have a duplicate license for such business. If, therefore, a dealer in automobiles, or trucks, in this State himself pays the tax of $500 he should post that license at his place of business and it is a full protection to all his servants and agents acting for him at that particular place. If a manufacturer out of the State pays this $500 license tax and appoints a particular person, firm, or corporation as State agent, and permits such person, etc., to post this $500 license in this place of business, that would be a protection to his servants and agents conducting the business at such place.

The requirement in regard to duplicate licenses applies to two classes of agents: (a) A traveling agent who travels out from the place of business of the original licensee, taking orders for automobiles which said licensee is authorized to sell; (b) Agents located in a place other than that in which the original licensee does business.

To the first class sec. 95 of the Revenue Act applies as follows: "It shall be unlawful for any person to carry on or practice any itinerant trade, business, or profession for which a license is required under this chapter without having in his actual possession at the time of so carrying on or practicing said trade, business or profession, said license or duplicate thereof. No officer required to issue license under this act shall have authority to issue a duplicate of any license unless expressly authorized to do so by this chapter, but each person, firm, or corporation shall be required to take out a separate license for each agent. Any person violating the provisions of this act shall be guilty of a misdemeanor." These traveling agents must necessarily carry the duplicate licenses about on their person and have it in their actual possession when attempting to make a sale.

The second clause of sec. 95 applies to agents acting in a business located at other place than where the $500 license is required to be

posted. The Commissioner of Revenue has interpreted this provision in connection with secs. 22 and 78 of the Revenue Act which requires duplicate licenses to be issued, not to the corporation with a number of employees, but to the individuals who are to act as agents and salesmen of the licensee who travel for him and to sub-agents at another place. We think the Commissioner of Revenue is correct. The authority to sell under these duplicate licenses is a personal privilege, nontransferable, and according to the express terms of sec. 95, a separate license is required to be taken out for each agent.

That is to say that each traveling agent or "drummer" is required to take out a duplicate license as a proof that he is authorized to sell and where there is a local agency at a place other than the headquarters, so to speak, of the State agency, duplicate license must be taken out for such location which will protect all the persons and agents at that place.

In *S. v. Morrison,* 126 N. C., 1123, the Court held in regard to the Revenue Law of 1899, which imposed a license tax upon the business of selling pianos or organs, as follows: "The sole question arising upon the special verdict is whether such license protects only the person or agent who has it in possession, or an unlimited number of agents."

In that case E. M. Andrews & Company were licensed to sell pianos, but they had their principal place of business in Charlotte. The defendant Morrison was one of their agents who sold pianos in Lincoln County and the Court held that he was not protected by the license to Andrews, although he was acting as agent to Andrews, but that he must himself have a license with him, holding that the Legislature intended that the $10 license authorized only the person having it in his possession to sell. The Court said: "Such has always been the policy of the law except when the statute authorized the issuance of certified duplicates of copies of the license." The Court evidently means by this that in such cases instead of having the original license with him, he must have a duplicate license—which in this instance is issued on payment of $5.

The ruling of the Revenue Commissioner, as we understand its meaning on the point in question, is affirmed. The costs of the petition will be paid by the petitioners.

Petition dismissed.