NORTH CAROLINA AUTOMOTIVE. TRADE ASSOCIATION ET AL. v.
R. A. DOUGHTON, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 27 October, 1926.)

1. **Taxation—Automobiles—Local Agent—Sales Agent—Revenue Act of 1925.**

Where the local dealer in automobiles has paid the license tax of $500 required by section 78, Revenue Act of 1925, and in conformity with the statute has kept the license issued properly posted at its located place of business, the ten-dollar tax is not required to be issued to its sales agents within the territory prescribed for the conduct of the business of a local agent, working directly thereunder.

2. **Appeal and Error—Feigned Issues—Moot Questions—Dismissal.**

Where the parties to the action agree upon points involving a feigned issue, as to the law, or one which does not actually involve a litigated right, the case will be dismissed on appeal to the Supreme Court.

THIS was an action brought by the plaintiffs against the defendant, Commissioner of Revenue, for the purpose of restraining said commissioner from attempting to collect a $10.00 license tax upon automobile salesmen. The case was heard before *Calvert, J.,* at the August Term, 1926, of WAKE.

From the judgment rendered plaintiffs appealed.

*Albert L. Cox and A. L. Purrington, Jr., for plaintiffs.*
*Attorney-General Brummitt and Assistant Attorney-General Nash for defendant.*

BROGDEN, J. Hon. Thomas H. Calvert, the trial judge, rendered the following judgment:

"This cause having been removed from the Superior Court of Buncombe County to the Superior Court of Wake County, and the hearing of the motion to continue the injunction heretofore granted by Honorable W. F. Harding, judge presiding over the Superior Court of Buncombe County, having been by consent removed to be heard before me, the undersigned resident judge of the Seventh Judicial District, and being heard before him on Friday, 16 July, 1926, plaintiff Burwell-Harris Company appearing in person and by counsel, and the other plaintiffs appearing by the same counsel, General Albert L. Cox, and the defendant represented by the Attorney-General's office, the following facts are found upon the complaint and answer used as affidavits, and the testimony of Mr. Harris, of the Burwell-Harris Company:

1. The North Carolina Automotive Trade Association was at the time of the commencement of this action an unincorporated, voluntary

association of automobile dealers in the State of North Carolina, and has since then been incorporated as a North Carolina corporation. The Burwell-Harris Company is a distributor of Nash automobiles and trucks in the State of North Carolina, and is under sales contract between it and the Nash Motors Company of Wisconsin, a foreign corporation. The method of dealing is as follows: The motor vehicles manufactured by the Nash Motors Company are sold direct to the Burwell-Harris Company of Charlotte, N. C., a North Carolina corporation, it paying cash for the same, with the price for sale to individual purchaser fixed also by the Nash Motors Company.

The Burwell-Harris Company pays the license tax imposed upon those engaged in the business of selling automobiles and trucks in the State of North Carolina by section 78 of the Revenue Act of 1925. In consequence of the Burwell-Harris Company paying this $500 license tax, it has the privilege under section 78 of selecting those who are entitled to duplicate licenses as salesmen or dealers in the Nash automobiles or automobile trucks. The Burwell-Harris Company has exercised this privilege in appointing numerous dealers in the State of North Carolina and located in points other than Charlotte, which is the residence of the Burwell-Harris Company.

These dealers so selected by him have all paid the duplicate license tax of $10.00 imposed by section 78 of the Revenue Act.

2. These persons to whom said duplicate licenses are issued are of two classes: (1) located agencies; and (2) traveling agents.

3. For the purpose of levying the tax under the statute, the Commissioner of Revenue treats a located agency as one which has a fixed place of business in which, under section 94 of the Revenue Act, is to be kept posted the duplicate license issued to it by the Revenue Department at the request of the holder of the $500 dealer's license. The located agency having a place of business in which and from which it sells the particular machine, posting its license in its place of business, is protected from having to pay any other license tax. This protection extends not only to it, but to all its employees and agents in and about the place of business and acting to advance the interest of that particular located business.

4. Plaintiffs in their complaint charge that the Commissioner of Revenue is attempting to collect the $10 license tax upon the employees of a located agency. I find that there is no evidence in the case that for the past 18 months any such attempt has been made by the Commissioner of Revenue. The Commissioner of Revenue in his verified answer used as an affidavit expressly disclaims any intention to collect this $10 license tax from employees protected as above stated by a licensed located business. He admits that he does collect the $10 tax

from those employees traveling out from the located business under the $10 license tax or from the located business protected by the $500 license tax, and I find this to be the fact.

5. For the purpose of levying the tax under the statute, the Commissioner of Revenue considers a traveling agent as one who travels out either from a located business or at large, selling the particular automobile licensed to be sold. If this particular traveling agent is to be protected, he must have with him the $10 duplicate license issued him at the request of the holder of the $500 license. This duplicate license is to show the traveling agent's authority from the dealer and also his authority from the Commissioner of Revenue to sell the particular machine.

6. I find further that after the Department of Revenue has issued the duplicate license to located dealers selected by the plaintiff, the Burwell-Harris Company, that company has not anything to do with or any authority over the employees of said located dealer except as the located dealer is restrained by the provisions of the sales contract made by the Burwell-Harris Company with the Nash Motors Company as to the price to be charged for automobiles manufactured by the latter company and the territory within which such motor vehicles may be sold.

Upon these findings of facts I conclude as a matter of law that said agencies for the sale of automobiles and motor trucks are required to pay a license tax of $500 under section 78 of the Revenue Act of 1925, and that this payment includes all employees located at the headquarters of the business in the State and who do not work as traveling agents. Subagencies operating at a separate place of business other than such headquarters are required to pay a license tax of $10 for each subagency, and this protects all employees thereat who do not make or solicit sales outside of their respective locations, but it does not protect outside salesmen. The latter are required to carry with them a duplicate license at a cost of $10 to each one, to show their authority to sell under license issued at their headquarters.

It is thereupon ordered, adjudged and decreed that the restraining order heretofore issued in this cause by Honorable W. F. Harding be, and the same is hereby dissolved."

This judgment correctly interprets and declares the law. *Automotive Trade Asso. et al. v. Cochran,* 186 N. C., 159, and 187 N. C., 25.

Section 95 of the Revenue Act of 1923 provided, among other things, as follows: "But each person, firm, or corporation shall be required to take out separate license for each agent." These words are omitted in section 95 of the act of 1925, and the plaintiffs contend that this omission effects a material change in the law since the *Cochran case* was de-

cided.   In discussing this phase of the case, the Attorney-General says: "With that provision left in section 95, it could be argued with great plausibility that each employee, though working in and about a licensed agency, should be required to take out a license.   It was omitted from the act of 1925 for that express reason, and, with its omission, there is an abundance left in section 95 to sustain the position of defendant herein."   We think this correctly states the law.

While the Court has passed upon the merit of the question presented, this appeal must be dismissed.

It is alleged in the complaint that the defendant, Doughton, "is undertaking to levy a license tax of $10.00 on each and every employee of automobile dealers and distributors in North Carolina, who engages in selling automobiles, and to collect said license tax of $10.00 from each of said salesmen."   In this connection the trial judge found as follows: "I find that there is no evidence in the case that for the past eighteen months any such attempt had been made by the Commissioner of Revenue."   Therefore, this appeal presents only a hypothetical question.

In *Parker v. Bank,* 152 N. C., 253, *Brown, J.,* says: "With perfect respect and deference for the learned counsel as well as for the parties, this is evidently a 'suit made to order,' arising not out of a real controversy between the parties litigant, but instituted solely for the purpose of obtaining the opinion of the Court upon a 'feigned issue.' "

It has been clearly established that the Court does not decide mere hypothetical questions. *Blake v. Askew,* 76 N. C., 325; *Board of Education v. Kenan,* 112 N. C., 567; *Kistler v. R. R.,* 164 N. C., 365; *Burton v. Realty Co.,* 188 N. C., 473.

Appeal dismissed.