JOHN M. QUEEN v. THE BOARD OF COMMISSIONERS OF THE COUNTY
OF HAYWOOD.

(Filed 25 May, 1927.)

1. **Constitutional Law—Courts—Statutes—Repeal.**

Where the Legislature, in contravention of Art. II, sec. 29, of the Constitution of this State, has established a court inferior to the Superior Court, an incumbent judge thereof, duly elected, may not successfully contend that he was deprived of the emoluments of his office by an unconstitutional statute abolishing the court.

2. **Same—Property—Vested Rights.**

Where the Legislature has abolished a court inferior to the Superior Courts of this State, the incumbent judge takes subject to this legislative right, and cannot successfully maintain that during the term of his office he has been thus deprived of his right of property guaranteed him by Art. IV, sec. 30, of our Constitution.

APPEAL by plaintiff from *Stack, J.,* at May Term, 1927, of HAYWOOD. Affirmed.

This is a controversy without action. The following are the facts agreed:

1. On 3 December, 1924, the board of commissioners of Haywood County, acting under authority of C. S., 1536 to 1608, inclusive, and acts amendatory thereof, established a recorder's court for Haywood County, and fixed the recorder's salary at two hundred dollars per month. Thereafter, to wit, at the next regular election for county officers, in November, 1926, the plaintiff was duly elected recorder of said court for the two-year term beginning the first Monday in December, 1926, and the plaintiff, on the last-named date, duly qualified by taking the oath prescribed by law, and has since been acting as recorder of said court.

2. The defendant, the board of commissioners of Haywood County, are required by the provisions of C. S., 1565, to furnish the county courthouse, or other place within the county, for the sessions of said recorder's court. This duty they have heretofore and are now discharg-

ing according to law, by furnishing the county courthouse as a place wherein to hold said court.

3. The General Assembly of North Carolina, at its 1927 session, enacted the following law, known as House Bill No. 1308 and Senate Bill No. 1256:

A BILL TO BE ENTITLED AN ACT TO ABOLISH THE RECORDER'S COURT OF HAYWOOD COUNTY.

*The General Assembly of North Carolina do enact:*

SECTION 1.    That the recorder's court of Haywood County be and the same is hereby abolished.

SEC. 2.    That all the laws and clauses of laws in conflict with the provisions of this act are hereby repealed.

SEC. 3.    That this act shall be in force and effect from and after the first day of July, 1927, and all cases then. pending in said court shall be transferred to the courts according to their respective jurisdiction.

4. Acting under color of authority of the said act of 1927, set out in paragraph 3 above, the defendants, acting as a board of commissioners lawfully assembled, on 3 May, 1927, passed the following order:

"Ordered, that to conform with the provisions of the act of 1927, abolishing the recorder's court of Haywood County, that on and after 1 July, 1927, the county courthouse shall not be used as a place wherein to hold any attempted session of said recorder's court, nor shall any other place within the county be provided for that purpose, nor shall any salary be paid the recorder for services performed as such after said date."

5. The plaintiff contends that the said act of 1927, set out in paragraph 3 above, is a local act, and is void, in that it is in contravention of that part of section 29 of Article II of the State Constitution, reading as follows:

"The General Assembly shall not pass any local, private, or special act or resolution relating to the establishment of courts inferior to the Superior Court, . . . nor shall the General Assembly enact any such local, private, or special act by the partial repeal of a general law, but the General Assembly may at any time repeal local, private, or special laws enacted by it. Any local, private, or special act, or resolution, passed in violation of the provisions of this section shall be void. The General Assembly shall have power to pass general laws regulating matters set out in this section."

6. The plaintiff further contends that the said act of 1927, set out in paragraph 3 above, in attempting to abolish the said recorder's court,

and thereby attempting to reduce the term for which the plaintiff has been duly elected, is void, in that it is in contravention of Article IV, section 30, of the State Constitution, reading as follows:

"In case the General Assembly shall establish other courts inferior to the Supreme Court, the presiding officers and clerks thereof shall be elected in such manner as the General Assembly may from time to time prescribe, and they shall hold their offices for a term not exceeding eight years."

7. The plaintiff contends that the order set out in paragraph 4 above, denying to him the facilities for carrying on said recorder's court after 1 July, 1927, and denying to him any salary after said date, will prevent him from holding said court, and do him an irreparable injury; and is a threatened invasion of his rights, for which there is no adequate remedy at law; and plaintiff therefore prays for an order permanently restraining the defendants, the board of commissioners of Haywood County, from putting said order into effect, or in any way interfering with the lawful operation of said recorder's court.

8. The defendants contend that the said act of 1927, as set out in paragraph 3 above, is valid in all respects, and is sufficient authority for the passage of the order complained of, and they pray that this action be dismissed at the cost of the plaintiff.

The court below rendered the following judgment: "That the defendant, the board of commissioners for the county of Haywood, be not restrained from putting the order set out in paragraph 3 of the case agreed into effect; that is to say, be not restrained from denying the plaintiff the use of the county courthouse, or some other suitable place within the county, for the purpose of holding sessions of the recorder's court of Haywood County."

From the foregoing judgment plaintiff duly excepted, assigned error, and appealed to the Supreme Court.

*Joseph E. Johnson and Alley & Alley for plaintiff.*
*Morgan & Ward and M. G. Stamey for defendant.*

CLARKSON, J.  Plaintiff contends, (1) the act was unconstitutional abolishing the county court of Haywood County, N. C.  We cannot so hold.

"If there is any reasonable doubt, it will be resolved in favor of the lawful exercise of their powers by the representatives of the people." *Sutton v. Phillips,* 116 N. C., at p. 504; *Hinton v. State Treasurer, ante,* at p. 499.

The court was originally established by the board of commissioners of Haywood County, on 3 December, 1924, under a general act, Laws

1919, ch. 277. "An act to establish uniform system of recorders' courts for municipalities and counties in the State of North Carolina." C. S., 1536 to 1608, inclusive; Public Laws 1921, ch. 110, and acts amendatory.

The provision of the Constitution necessary for a decision is part of sec. 29, Art. II, State Constitution. The material part: "The General Assembly shall not pass any local, private, or special act or resolution relating to the establishment of courts inferior to the Superior Court."

The general act was passed, Public Laws 1919, ch. 277, and Haywood County was not included in the general act, nor was it included in amendatory act of 1921, ch. 110. At Extra Session 1921, Public Laws, ch. 80, the amendatory act of 1921 was amended by inserting Haywood County, with Jackson and Swain. Under legislative authority establishing the court, the same power and in practically the same manner that created the court, the Legislature at 1927 session abolished the court. Plaintiff's title to his office is under authority of a legislative act, the amendment inserting Haywood County, and the same authority, by amendment as it were, abolishes the court and his office. If the Legislature had the right to create the court, it had the right to abolish. *Quo ligatur, eo dissolvitur.* By the same mode by which a thing is bound, by that it is released.

If the act inserting Haywood County, with others, was unconstitutional, the act abolishing it was only declaratory of the existent law, so Haywood County had no constitutional recorder's court—plaintiff could not complain.

Speaking to the subject *In re Harris,* 183 N. C., p. 633, in that case the acts now discussed were construed. Under Laws 1921, ch. 110, *supra,* Iredell, Granville, and Cherokee counties were inserted under the county court act, and under the authority a recorder's court established for Iredell County. Harris was convicted of a misdemeanor and sentenced to imprisonment for a term of 6 months, to be assigned to work on the roads, etc. He sued out a writ of *habeas corpus,* alleging the judgment illegal and void, "chiefly for the reason that the act providing for the establishment of said court, and conferring jurisdiction thereon, was in violation of Art. II, sec. 29, of the Constitution, prohibiting local, private, or special legislation in various matters therein specified, and including acts relating to the establishment of courts inferior to the Supreme Court. On the hearing, his Honor being of opinion that the act was in all respects constitutional and valid, entered judgment in denial of plaintiff's application, and he was remanded to custody, and is now held under said sentence of the recorder's court. Thereupon said petitioner applied for and obtained this writ of *certiorari,* on petition, and which was duly filed and served for the purpose, as stated, of reviewing the adverse judgment in *habeas corpus* proceedings, and the

validity of the sentence under which the petitioner is being detained."
After a full discussion, citing authorities, this Court said (at p. 637):
"For the reasons stated, we are of opinion that the petitioner is held
under a valid sentence of a competent court, and the judgment denying
his application for release must be affirmed." *Roebuck v. Trustees,* 184
N. C., 144; *Coble v. Comrs.,* 184 N. C., 342; *S. v. Kelly,* 186 N. C.,
365; *Reed v. Engineering Co.,* 188 N. C., 39; *Provision Co. v. Daves,*
190 N. C., 7; *Ellis v. Greene,* 191 N. C., 761; *Day v. Comrs., ibid.,* 780.

"The prohibition is against the *establishment* of courts inferior to the
Superior Court by any local, private, or special act or resolution."
*Provision Co. case, supra.*

Plaintiff contends, (2) that the act of 1927, abolishing the recorder's
court of Haywood County, violates Art. IV, sec. 30, of the Constitution,
which reads as follows: "In case the General Assembly shall establish
other courts inferior to the Supreme Court, the presiding officers and
clerks thereof shall be elected in such manner as the General Assembly
may from time to time prescribe, and they shall hold their offices for a
term not exceeding 8 years." We cannot so hold.

In the famous case of *Mial v. Ellington,* 134 N. C., p. 131, in which
*Hoke v. Henderson,* 15 N. C., p. 1, was overruled, it was held: "An
officer appointed for a definite time to a legislative office has no vested
property therein or contract right thereto of which the Legislature
cannot deprive him."

The courts we are now considering are the creatures of the Legisla-
ture. The creator can establish and abolish.

The *Mial case, supra,* has been approved time and time again, and
recently in *S. v. Jennette,* 190 N. C., p. 96.

The positions taken by plaintiff are interesting, but untenable from
the decisions of this Court. The law is well settled against his conten-
tions.

The judgment below is
Affirmed.