### BOARD OF EDUCATION OF JOHNSTON COUNTY v. BOARD OF COMMISSIONERS OF JOHNSTON COUNTY.

(Filed 5 March, 1930.)

**Appeal and Error J g—Where tax has been levied and six months school had, question of necessary tax rate is moot and not necessary to be decided.**

> Where the county board of education has submitted to the board of county commissioners the amount to be included in the budget for a six months term of public schools, and upon a joint session of the two boards the clerk of the court has met with them as arbitrator (C. S., 5608), and decided for the board of education. and on appeal the judge of the Superior Court has accordingly directed an issue, and pending appeal has entered an order for a tax levy to take care of the debt service and a current expense fund for the schools, C. S., 5609, and on appeal to the Supreme Court it appears that the tax has been accordingly collected and applied to the support of the schools, and the six months term has almost expired: *Held*, the appeal presents an abstract question unnecessary to decide, and *held, further*, in any view of the record there was no error.

APPEAL by defendant from *Sinclair, J.,* at September Term, 1929, of JOHNSTON. No error.

*Abell & Shepard for plaintiff.*
*James Raynor, Ezra Parker and Winfield H. Lyon for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Nash as Amici Curiæ.*

ADAMS, J. On 10 July, 1929, the plaintiff submitted to the defendant a proposed budget of the necessary expenses of operating the public schools of Johnston County for a term of six months. The defendant rejected the budget in part and suggested certain reductions. The parties held a joint session on 6 August, 1929, the plaintiff voting to adopt the budget and the defendant to amend it. The clerk of the Superior

Court was called upon to act as arbitrator of the issues raised by the disagreement. C. S., 5608. The clerk held that the amount proposed in the budget was essential to the maintenance of the schools and ordered the defendant to levy a tax sufficient for this purpose. The defendant appealed to the Superior Court and the jury under a directed instruction found in response to the issue that $10,175, the amount in controversy, was needed to maintain the schools for a term of six months. Judge Sinclair rendered judgment that the defendant levy a tax sufficient, with sums received from other sources, to produce the following amounts: for current expenses $399,348.89; for capital outlay, $3,650.50; for debt service, $156,176.46, the three items aggregating $559,176.46. C. S., 5596. The defendant excepted and appealed to this Court. To prevent delay beyond a reasonable time for levying the tax, the judge directed the defendant to levy a tax for the ensuing year at a rate sufficient to raise $156,176.97 for the debt service fund and an amount, which with funds derived from other sources, would total $405,541.15, which was the current expense fund for the previous year. The defendant excepted and appealed.

The presiding judge made this order pursuant to the authority conferred by section 5609. In consequence the defendant levied a tax sufficient to produce a debt service fund and current expense fund in excess of the amount which would have been collected for these purposes under the budget. The tax, or a large part of it, has been collected and applied to the support of the schools and the term of six months has almost expired. A new trial or a reversal of the judgment would not alter these conditions. The appeal therefore raises a question which is abstract or academic. It would be useless to consider the bare question whether there was error in ordering the levy of a school tax which has been collected and paid out. It is the custom of appellate courts to disregard matters which have no relation to concrete form. *Wikel v. Commissioners,* 120 N. C., 451; *Harrison v. Bryan,* 148 N. C., 315; *Pickler v. Board of Education,* 149 N. C., 221; *Wallace v. Wilkesboro,* 151 N. C., 614; *Moore v. Monument Co.,* 166 N. C., 211; *Kilpatrick v. Harvey,* 170 N. C., 668; *Glenn v. Culbreth,* 197 N. C., 675.

We do not mean to say that there was error in the judgment. In objecting to the budget the defendant proposed reductions amounting to $25,275.62. The plaintiff agreed that this amount should be reduced by deducting $14,000 as the charge for fire insurance; and the defendant agreed that from its proposed reductions the items of $500 and $600.62 should be eliminated. The remaining question was whether the difference ($10,175) was needed to maintain the schools for six months and it was determined under an issue which was submitted to the jury. Under the last clause of section 5608 the jury was permitted to consider "all

papers and records relating to the case," including the verified budget. It is contended by the plaintiff that there is no exception to the admission of the papers and records, no competent evidence to impeach the items embraced in the issue, and that the directed instruction was correct. In any view of the record we find

No error.