This is an action brought by plaintiff against defendants, plaintiff claiming that there were irregularities in a primary election and demanding certain relief.
The matter was heard before Nunn, J., who rendered the following judgment: "This cause coming on to be heard and being heard before the undersigned judge at Chambers in the city of New Bern, this 27 September, 1930, upon the complaint and affidavits of the plaintiff and the defendants having demurred to his jurisdiction of the court, to hear and determine the questions in controversy or make any order in the matter, after argument of counsel for the plaintiff and defendants: It is considered by the court and ordered and adjudged that the court is without jurisdiction and the case is therefore dismissed and this plaintiff is taxed with the costs." To the foregoing judgment plaintiff excepted, assigned error and appealed to the Supreme Court.
On the face of the returns plaintiff received 1,149 votes and defendant 1,181, a majority of 32 votes for the defendant Mewborn. On 3 October, 1930, plaintiff filed an amended complaint and contended that certain votes cast were illegal and should not have been counted by the defendant board of elections, and setting forth, among other things: "A primary election for the Democratic nomination for the office of sheriff of the county of Greene was duly held in Greene County, N.C. on 7 June, 1930, in which primary election the plaintiff, E. A. Rasberry, and the defendant, N. U. Mewborn, were two of the candidates for the Democratic nomination to the office of sheriff, and that in said primary election as declared and announced by the said board of elections of the said county, the defendant Mewborn received the second highest vote, and thereafter made demand upon the said county board of elections for a second primary to determine the choice of the Democratic voters of the said county for the office of sheriff, and that in said second primary the *Page 703 
two candidates were the plaintiff and the defendant Mewborn, and the said second primary was duly called by the said defendant board of elections of said county and duly held on 5 July, 1930, as prescribed by law. . . . That the plaintiff avers upon information and belief and upon the facts stated herein, that he was the choice of the majority of the duly qualified and registered voters who were entitled to vote, and did vote in the said election on 5 July, 1930, at the several precincts in the said county of Greene for the Democratic nomination for the office of sheriff of said county, and but for the unlawful and wrongful vote and irregularities in this complaint stated, the said plaintiff would have been declared and published as the Democratic nominee for the office of sheriff of said county, even though the said defendant board of elections certified that the defendant Mewborn had received a majority of 34 (32) votes over this plaintiff."
The board of elections, answering, among other things said: "That the plaintiff and the defendant, N. U. Mewborn, were both represented by counsel at the various meetings and adjournments held. These defendants being advised that under the laws of the State of North Carolina their only duty, power and authority in the premises was to receive and tabulate the returns made by the judges and registrars of the various precincts in Greene County with reference to the candidates before the primary, so as to show the total number of votes cast for each candidate of each political party for each office, and when thus compiled, to make out returns in duplicate and file one copy with the clerk of the Superior Court and retain one copy, and to publish and declare the results. . . . That the jurisdiction to hear and determine the facts and issues set forth in the complaint herein is vested in the various registrars and judges of elections in the several precincts of Greene County, and their jurisdiction is exclusive, and that no provision is made by law for an appeal to these defendants or to this Court, and these defendants are advised, informed and believe that this Court, is without jurisdiction to review the actions of the various registrars and judges of elections, or to hear and determine this action.
The defendant, Mewborn, denied that there were irregularities as charged by plaintiff, and among other things, said: "This defendant avers that the returns made by said board of elections were true and correct returns as received and tabulated by them, and they declared the result of said primary in accordance therewith. . . . That the plaintiff fails to allege that he would be the nominee for sheriff if the votes of all persons whom he alleges were improperly received were withdrawn, and disregarded, and that the result of the election would thereby be changed, and that on account of such failure, the plaintiff has stated no cause of action." *Page 704 
Plaintiff's complaint was verified 3 October, 1930. The answer of the board of elections of Greene County was verified 6 October, 1930. Defendant Mewborn's answer was verified 7 October, 1930. This action was submitted to this Court under Rule 10, on Friday, 24 October, 1930. The general election was held on 4 November, 1930.
It will be readily seen if the judgment of Nunn, J., should be reversed by this Court, it could not benefit plaintiff, as the election has already been held on 4 November, 1930.
In Glenn v. Culbreth, 197 N.C. at p. 678, citing numerous authorities, it is said: "The law provided for the regular city election on the first Monday in May, 1929. It was conceded in the oral argument that the election was held and the defendants, commissioners, were elected. The injury complained of has thus become accomplished and completed. Hence, the appeal presents, in its final analysis, only a moot or abstract question. The uniform rule adopted by this Court is to the general effect that such questions will not be considered."
"The appeal therefore raises a question which is abstract or academic."Board of Education v. Commissioners of Johnston, 198 N.C. 430. The court will take judicial notice of the fact that the general election was held on 4 November, 1930.
For the reasons given, the appeal is
Dismissed.