BOARD OF EDUCATION OF SWAIN COUNTY v. BOARD OF COUNTY COMMISSIONERS OF SWAIN COUNTY.

(Filed 15 June, 1931.)

**Schools and School Districts D e—Salary of superintendent held determined by sec. 15 and not sec. 19 of ch. 245, Public Laws of 1929.**

When the salary of a county superintendent of public instruction is to be determined under the provisions of our statute the amount fixed as to population under the provisions of section 19, chapter 245, Public Laws of 1929, are not a full restriction of the amount of the entire salary the superintendent shall receive, but only a portion thereof when a larger salary has been allowed in accordance with section 15 thereof, the former being intended as a basis of the county's participation in the aqualization fund.

APPEAL by defendant from *MacRae, Special Judge,* at October Term, 1930, of SWAIN.

*Moody & Hall for appellant.*
*Edwards & Leatherwood for appellee.*

ADAMS, J. This is an action to determine the annual salary to be paid the county superintendent of public instruction in Swain County. The plaintiff prepared the May budget of 1930 and delivered a copy of it to the defendant, who disapproved the item of $3,500 proposed as the salary of the superintendent and the item of $600 for his traveling expenses. Code of 1927, secs. 5595, 5601; *Board of Education v. Commissioners,* 198 N. C., 430. These two boards held a joint session and the vote in reference to the rejected items resulted in a tie; whereupon the clerk of the Superior Court who acted as arbitrator upon the issues (section 5608) rendered a decision fixing the salary at $2,500 and the expense account at $200. The plaintiff appealed to the Superior Court, and Judge MacRae held that the salary set out in the May budget ($3,500) is the sum to which the superintendent is lawfully entitled, and submitted to the jury an issue as to the reasonable expense of travel. The expense account was settled by the verdict and is not contested.

It is conceded that the salary of the superintendent is to be determined by the provisions of chapter 245, Public Laws 1929, the crucial question being whether section 15 or section 19 is controlling. The plaintiff relies upon the former, and the defendant upon the latter.

By the terms of section 15 the salaries paid all teachers, principals, supervisors, superintendents and assistant superintendents shall be in accordance with the uniform graduated salary schedule adopted by the State Board of Education, and the undisputed evidence tends to show that the plaintiff decided upon the salary prescribed by this schedule. Indeed, a written contract between the plaintiff and the superintendent had previously been made for two years and no objection, it seems, was made to the payment of the salary of the first year.

Section 19 provides that "for the purpose of ascertaining that portion of the salary of the county superintendent in each of the participating counties the following schedule shall be allowed in the budget approved by the State: in all counties with a population of twelve thousand or under, census of 1920, an amount not to exceed $2,000; in all counties with a population of twelve thousand and not exceeding twenty-five thousand, an amount not to exceed $2,500," etc. In 1920 the population of Swain County, according to the evidence, was less than twenty thousand. It is therefore contended by the appellant that the superintendent's salary cannot exceed $2,500.

We do not concur in the appellant's conclusion. Section 19 applies in terms to a "portion of the salary" only, not to the entire sum; it has

reference to "the participating counties"; it embraces items "in the budget approved by the State." This section, we take it, was not intended definitely to fix the amount of the salary, but to serve as the basis of participation in the equalization fund—$2,500 being the amount going to the participating county in part payment of the salary. As suggested above, section 15 points out the method of computing the sum to be paid the superintendent in accordance with "the uniform graduated salary schedule adopted by the State Board of Education."

The appellant's exceptions to the admission of evidence must be overruled. The written contract was competent; the testimony of the chairman of the county board of education was not essentially hearsay; testimony as to the duties of the superintendent was not prejudicial, and the motions to set aside the verdict and to dismiss the action were correctly denied. We find

No error.