OSCAR O. EFIRD v. BOARD OF COMMISSIONERS FOR THE COUNTY OF FORSYTH, JAMES G. HANES, T. E. JOHNSON AND D. C. SPEAS, MEMBERS OF THE BOARD OF COMMISSIONERS FOR THE COUNTY OF FORSYTH, AND THE COUNTY OF FORSYTH.

(Filed 8 June, 1940.)

1. **Appeal and Error § 4—When act sought to be enjoined has been committed pending appeal, there is nothing for Court to enjoin and appeal will be dismissed.**

    This action was instituted to enjoin county commissioners from adopting a resolution suspending or abolishing the county court. It was made to appear that pending the appeal from an order dissolving the temporary restraining order, the county commissioners had adopted a resolution suspending the county court. *Held:* The board having taken the action sought to be restrained, there is nothing to be enjoined, and the question sought to be presented having become academic, the appeal is dismissed without determination of the authority of the county commissioners to adopt the resolution, the legal effect of its action not being presently presented for decision.

2. **Public Officers § 3—**

    An incumbent has no title in the office held by him.

APPEAL by plaintiff from *Nettles, J.,* at April Term, 1940, of FOR-SYTH. Appeal dismissed.

The plaintiff as judge of the Forsyth County Court instituted this action against the Board of County Commissioners to recover his salary as judge of the county court, which he alleged the defendant board had unlawfully refused to pay. He asked for a restraining order restraining the defendant from attempting to abolish or suspend the Forsyth County Court.

Upon plaintiff's application a temporary restraining order issued restraining the defendant from adopting any resolution or taking any action to abolish or suspend the Forsyth County Court. Upon the hearing before Nettles, J., the temporary restraining order was dissolved, and the plaintiff appealed.

*J. M. Wells, Jr., Roy L. Deal, Odell Sapp, and Felix L. Webster for plaintiff, appellant.*

*Fred S. Hutchins and H. Bryce Parker for defendants, appellees.*

*Burton Craige, G. H. Hastings, S. E. Hall, I. E. Carlyle, and John J. Ingle, amici curiæ.*

DEVIN, J. The only question presented for review upon this appeal is the ruling of the court below in dissolving the temporary restraining

order restraining the defendant from adopting a resolution to abolish or suspend the Forsyth County Court. The question as to the plaintiff's right to recover of defendant board his salary is not now before us.

It is admitted that pursuant to the provision of chapter 520, Public-Local Laws of 1915, the plaintiff was duly appointed judge of the Forsyth County Court and has qualified and acted as such up to the time of the institution of this action.

The plaintiff now alleges that under the authority of chapter 519, Public-Local Laws of 1939, purporting to give to the Board of Commissioners of Forsyth County "the right to abolish or temporarily suspend the said Forsyth County Court" (which act he alleges was beyond the power of the General Assembly), the defendant board intends to adopt a resolution to abolish or suspend the court, and to interfere with the administration of justice therein to the detriment of litigants. Affidavits were presented to the trial judge relating to the question whether the Forsyth County Court serves any useful purpose, justifying its expense, and as to the wisdom of abolishing it.

It was admitted in the argument here that since the institution of this action and the dissolution of the temporary restraining order, the Board of Commissioners of Forsyth County had adopted a resolution suspending the operation of the county court.

The question presented by this appeal from the order dissolving the temporary restraining order has thus become academic. The Board of Commissioners has taken the action sought to be restrained. There is nothing the court could now enjoin. *Howerton v. Scherer,* 170 N. C., 669, 86 S. E., 596; *Rousseau v. Bullis,* 201 N. C., 12, 158 S. E., 553; *Hardy v. Comrs.,* 208 N. C., 699, 182 S. E., 328.

The legal effect of the action of the defendant board is not now before us. If the act of 1939 gave the defendant no power, the Forsyth County Court has not been abolished or suspended. If the act is valid, the plaintiff has no cause for complaint. While the plaintiff has brought this action as judge of the Forsyth County Court, it may be noted that he has no property right in the continuance of the office. *Mial v. Ellington,* 134 N. C., 131, 46 S. E., 961; *Queen v. Comrs.,* 193 N. C., 821, 138 S. E., 310; *Penny v. Board of Elections, ante,* 276.

The appeal from the judgment of the court below dissolving the temporary restraining order must be dismissed. This disposition of the appeal renders unnecessary a discussion of the question debated in the briefs and on the oral argument whether the act of 1939 was within the constitutional power of the General Assembly or whether it constituted an unwarranted delegation of power to the Board of Commissioners of Forsyth County. As to that we express no opinion.

Appeal dismissed.