GEORGE STRAKA AND WIFE, HELENA STRAKA, v. HOME OWNERS LOAN CORPORATION.

(Filed 1 December, 1943.)

**Appeal and Error § 4—**

> It appearing that the sale sought to be prevented has been by consent consummated and, as authorized by order of court, confirmed and deed to the purchaser executed and delivered, the appeal from the order dissolving the restraining order will be dismissed.

APPEAL by plaintiffs from *Armstrong, J.,* at Chambers, 25 June, 1943. From MOORE. Appeal dismissed.

From an order vacating a temporary restraining order the plaintiffs appealed.

*Seawell & Seawell for plaintiffs, appellants.*
*M. G. Boyette for defendant, appellee.*

DEVIN, J.   The plaintiffs purchased a house and lot in Southern Pines, North Carolina, from the defendant, and executed deed of trust to a trustee to secure the balance of the purchase price.   Default having been made in the payment of the installments of the debt thus secured, the trustee, at the request of the defendant, advertised the property for sale, in accordance with the terms of the deed of trust, for 31 May, 1943. On 28 May, 1943, plaintiffs instituted action for damages against the defendant, alleging that between the time of purchase of the property by plaintiffs and the time of securing possession from the tenant, who, it was claimed, occupied the premises for the defendant, the property was injured by the tenant, and that plaintiffs were entitled to have the damages therefor credited by the defendant on the debt.   It was alleged that this would be more than sufficient to liquidate the amount in arrears.   Upon this complaint, used as an affidavit, temporary restraining order was issued, restraining the sale.   However, it was agreed by the parties that notwithstanding the restraining order the sale of the property should be had as advertised, and that the sale should be reported but not confirmed pending further orders of the court.   Accordingly, the sale was made 31 May, the defendant became the purchaser, and report of sale was filed.   On 25 June following, Judge Armstrong, before whom the restraining order was made returnable, heard the matter on the pleadings and affidavits and entered order dissolving the temporary restraining order.   It was provided in the order that "the sale made on the 31st day of May, 1943, may be confirmed unless the bid is raised as provided by law."   No advance bid having been made, or objection noted, on 10 July, 1943, the sale was confirmed, and the trustee directed to execute and deliver deed to the purchaser.   Pursuant to this order of confirmation, deed was executed and delivered to the defendant 11 August, 1943, and duly recorded.

It is apparent that the sale sought to be prevented has been by consent consummated, and as authorized by the order of court the sale has been confirmed, and deed to the purchaser executed and delivered.   Hence, the appeal from the order dissolving the restraining order will be dismissed.   *Rousseau v. Bullis,* 201 N. C., 12, 158 S. E., 553; *Efird v. Commissioners,* 217 N. C., 691, 9 S. E. (2d), 466; *Groves v. McDonald, ante,* 150.

Whether on the merits the plaintiffs can maintain their action against the defendant we need not now determine, as the question presented by the appeal was the correctness of the ruling below in dissolving the temporary restraining order.

Appeal dismissed.