IN THE MATTER OF WILLIAM N. BURNETT, BY AND THROUGH HIS GUARDIAN AND MOTHER, MRS. L. F. FINBURG.

(Filed 28 November, 1945.)

**Appeal and Error §§ 4, 30e—**

In *habeas corpus,* petitioner asking for release from arrest upon telephonic revocation of his parole, where it appears that on the hearing below that petitioner's parole had then been revoked in due form, G. S., 134-85, the legality of his arrest and detention is presently academic, hence motion of the Attorney-General to dismiss must be allowed.

HABEAS CORPUS proceedings, heard by *Burney, J.,* in Chambers at Wilmington, N. C., 16 July, 1945. Here on petition for a writ of *certiorari.*

Petitioner was duly committed to the Jackson Training School. On 19 February, 1945, he was released on parole. On 12 July, 1945, acting on a telephonic revocation of the parole, the probation officer of New Hanover County ordered his arrest. Writ of *habeas corpus,* after hearing, was denied and petitioner was recommitted. Thereupon, on his petition, writ of *certiorari* issued from this Court.

*W. L. Farmer and Rodgers & Rodgers for petitioner.*

*Attorney-General McMullan and Assistant Attorney-General Tucker for respondent.*

PER CURIAM. On 16 July, 1945, the date of the hearing below, petitioner's parole was revoked in due form. G. S., 134-85. He is now lawfully detained. The legality of his original arrest and detention is presently academic. Hence the motion of the Attorney-General to dismiss must be allowed. *Cochran v. Rowe, ante,* 645; *Martin v. Sloan,* 69 N. C., 128; *S. v. R. R.,* 74 N. C., 287; *Waters v. Boyd,* 179 N. C., 180, 102 S. E., 196; *Trade Association v. Doughton,* 192 N. C., 384, 135 S. E., 131; *Board of Education v. Comrs. of Johnston,* 198 N. C., 430, 152 S. E., 156; *Efird v. Comrs. of Forsyth,* 217 N. C., 691, 9 S. E. (2d), 466.

Petition dismissed.