Petitioner was duly committed to the Jackson Training School. On 19 February, 1945, he was released on parole. On 12 July, 1945, acting on a telephonic revocation of the parole, the probation officer of New Hanover County ordered his arrest. Writ of habeas corpus, after hearing, was denied and petitioner was recommitted. Thereupon, on his petition, writ ofcertiorari issued from this Court. *Page 647 
On 16 July, 1945, the date of the hearing below, petitioner's parole was revoked in due form. G.S., 134-85. He is now lawfully detained. The legality of his original arrest and detention is presently academic. Hence the motion of the Attorney-General to dismiss must be allowed. Cochran v.Rowe, ante, 645; Martin v. Sloan, 69 N.C. 128; S. v. R. R., 74 N.C. 287;Waters v. Boyd, 179 N.C. 180, 102 S.E. 196; Trade Association v.Doughton, 192 N.C. 384, 135 S.E. 131; Board of Education v. Comrs. ofJohnston, 198 N.C. 430, 152 S.E. 156; Efird v. Comrs. of Forsyth,217 N.C. 691, 9 S.E.2d 466.
Petition dismissed.