VIRGINIA BELL SWINK v. P. W. HORN.

(Filed 20 November, 1946.)

**Appeal and Error § 5—**

The subject matter of plaintiff's action in summary ejectment is located in an area subject to Federal Rent Control. Plaintiff sought possession for personal occupancy to be near her aged and ailing mother. Pending defendant's appeal from judgment for plaintiff, plaintiff's mother died. *Held:* The changed circumstances affected merely an element of proof incidental to the relief sought and does not destroy plaintiff's cause of action, and therefore defendant's motion to dismiss plaintiff's action as having abated, is denied.

MOTION to dismiss plaintiff's action. Motion denied.

*J. C. Sedberry for plaintiff.*
*O. W. Clayton for defendant.*

DEVIN, J. The defendant in the above entitled cause moves in this Court that plaintiff's action be dismissed as having abated by reason of the death, pending the appeal, of the plaintiff's mother whose critical illness was alleged to have rendered it necessary for plaintiff to obtain possession of the apartment now occupied by the defendant, under Federal Rent Control Regulations. It was contended that plaintiff's cause of action has become moot and is no longer supported by existing facts.

Undoubtedly, where, pending an appeal, the subject of the action has been destroyed or has ceased to exist, or been settled between the parties, or the right of action does not survive the death of the plaintiff, or the action or thing sought to be enjoined has happened or been completed, or because of devolution of title plaintiff's interest has determined, a motion in this Court to dismiss the action as having abated ordinarily would be entertained. *Cochran v. Rowe,* 225 N. C., 645, 36 S. E. (2d), 75; *Efird v. Commissioners,* 217 N. C., 691, 9 S. E. (2d), 466; *Rousseau v. Bullis,* 201 N. C., 12, 158 S. E., 553; *Rasberry v. Hicks,* 199 N. C., 702, 155 S. E., 616; *Glenn v. Culbreth,* 197 N. C., 675, 150 S. E., 332; *Kilpatrick v. Harvey,* 170 N. C., 668, 86 S. E., 596; *Reid v. R. R.,* 162 N. C., 355, 78 S. E., 306; *Wikel v. Commissioners,* 120 N. C., 451, 27 S. E., 117; *S. v. R. R.,* 74 N. C., 287; *Kidd v. Morrison,* 62 N. C., 31; McIntosh, 775. But here the ground on which defendant's motion is based is in substance that evidence material to the issue tried below is no longer available to the plaintiff. This applies not to the subject of the action but to an element of proof. It is merely incidental to the relief sought. Plaintiff's cause of action has not been destroyed. The evidence referred to was used by the plaintiff in the trial below to overcome the artificial strength temporarily given the defendant's defense by the rent regulations under the Emergency Price Control Act. The plaintiff's right to repossess her property upon the expiration of the defendant's lease, after due notice to vacate, under the law in this State, may not be deemed to have ceased to exist, or to afford the defendant ground for the reversal of the result in plaintiff's favor in the trial in the Superior Court by the dismissal of the action by this Court.

Motion denied.