J. H. ELLER, J. W. CHURCH, PAUL H. SMITH, CLAUDE GARLAND AND J. R. BEAM, ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS, TAX-PAYERS AND QUALIFIED VOTERS OF AVERY COUNTY, NORTH CAROLINA, v. R. W. WALL, J. L. HARTLEY AND P. A. VANCE, MEMBERS OF AND COMPRISING THE BOARD OF ELECTIONS OF AVERY COUNTY, NORTH CAROLINA.

(Filed 13 October, 1948.)

**Appeal and Error § 31e—**

> Where, on appeal from the dissolution of a temporary restraining order, it appears that the act sought to be restrained has been done, the appeal will be dismissed, since the question presented by the appeal has become academic.

APPEAL by plaintiffs from *Clement, J.*, at Chambers, 19 August, 1948, in action in Superior Court of AVERY County.

The plaintiffs instituted this action to enjoin the Board of Elections of Avery County from holding an election in Avery County on August 28, 1948, under chapter 1084 of the 1947 Session Laws for the purpose of determining whether or not beer and wine should be legally sold in Avery County. Upon the plaintiffs' application, a temporary restraining order issued restraining the Board from taking steps toward conducting the election pending a hearing upon the notice to show cause accompanying the order. Upon the hearing before Judge Clement, the temporary restraining order was dissolved, and the action was dismissed. The plaintiffs thereupon appealed.

*J. V. Bowers for plaintiffs, appellants.*
*Proctor & Dameron for defendants, appellees.*

PER CURIAM. It was admitted on the argument that the election which the plaintiffs sought to enjoin was held on 28 August, 1948. As the action which the plaintiffs desired to prevent has already been taken, the question presented by the appeal from the ruling dissolving the restraining order has become academic, and the appeal will be dismissed in accordance with the practice prevailing in such instances. *Efird v. Comrs. of Forsyth*, 217 N. C., 691, 9 S. E. (2d), 466; *Rousseau v. Bullis*, 201 N. C., 12, 158 S. E., 553. Since the sole object of the litigation was the enjoining of the election and since this relief can never be granted, the dismissal of the action will not be held for error.

Appeal dismissed.