J. O. FERGUSON, O. PHILLIP COLE, CARL KLABBATZ AND DONALD A. JONES, ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS AND QUALIFIED VOTERS OF MOORE COUNTY, NORTH CAROLINA, v. SAM C. RIDDLE, HARRY W. FULLENWIDER AND FRANKLIN HUSSEY, MEMBERS OF THE MOORE COUNTY, NORTH CAROLINA, BOARD OF ELECTIONS.

(Filed 13 December, 1950.)

**1. Appeal and Error § 31e—**

The rule that an appeal from the refusal to restrain the holding of an election will be dismissed as academic when the election has been held pending appeal does not apply when plaintiffs also assert that if the election were held it would be void and that if the election went against the legalized sale of beer and wine they would suffer irreparable property and monetary loss for which they would have no adequate remedy at law.

**2. Elections § 1—**

A county may not hold an election on the question of legalizing the sale of beer and wine therein within sixty days from an election in a municipality of the county, irrespective of the time of making the order calling such election. G.S. 18-124 (d) (f).

APPEAL by plaintiffs from *Sink, J.,* at Chambers, 25 August, 1950. Reversed.

Plaintiffs, citizens and taxpayers of Moore County, instituted this action against the defendants, members of the County Board of Elections, to restrain them from holding an election called for 26 August, 1950, on the question of legalizing the sale of beer and wine in Moore County, under the provisions of G.S. 18-124.

The plaintiffs alleged in their complaint that in compliance with a petition presented 31 December, 1948, as provided by the statute, the Board of Elections on 30 May, 1950, ordered that an election as to the sale of beer and wine in the County be held 26 August, 1950. Plaintiffs averred that the election so ordered could not legally be held, for that the order was entered more than thirty days from the filing of the petition, and for the further reason that on 15 August, 1950, an election was duly held in Southern Pines, a municipality of and within Moore County, and that to hold the election ordered for 26 August would violate the restriction contained in the statute that "No election shall be held pursuant to the provisions of this article in any county within sixty days of the holding of any general election, special election or primary election in said County or any municipality thereof."

Plaintiffs further alleged "that if said election were held and the legal sale of beer and wine voted against in said election, these plaintiffs and all other citizens and taxpayers of Moore County would be caused to suffer large and irreparable property and monetary loss and damage for

which they have and would have no adequate remedy at law." Plaintiffs prayed that defendants be restrained from holding said election, and that the court adjudge that the election, if held under the circumstances stated, would be illegal and void.

Defendants, answering, admitted the material facts alleged as to the calling of the election for 26 August, 1950, and that a municipal election in Southern Pines was held 15 August. But defendants allege that at the time the county-wide election was ordered 30 May, 1950, no election had been called in Southern Pines nor had petition for such election been filed. Defendants further allege that since the filing of proper petition for a county election as to beer and wine in December, 1948, the Board of Elections had twice before ordered an election thereon and each time after the order was made a municipal election had been called and held, once before in Southern Pines and once in Pinebluff, and defendants, to avoid question as to the legality of the election, did not hold the election on the dates then designated, and defendants say that now again after the calling of an election for 26 August another municipal election was called and held in Southern Pines.

Defendants prayed that plaintiffs' motion for a restraining order be denied, and this action dismissed.

In the hearing on plaintiffs' motion at chambers, the court expressed the opinion that the calling of the election in Southern Pines for a municipal purpose was in good faith and in conformity with law, but that at the time defendants ordered the county election for 26 August no other election, municipal or general, had been called which would tend to make it illegal, and upon the facts set out in the pleadings entered the following order:

"It is now ordered and adjudged that the defendants' motion to dismiss this action be treated as a demurrer *ore tenus,* and the demurrer is sustained, in so far as the action pertains to the said county election being held within sixty days of another election held in Moore County, and the Court finding the plaintiffs are not entitled to the said restraining order prayed for, it is ordered and adjudged that the motion of the plaintiffs for said restraining order be and the same is hereby overruled and disallowed, and that the plaintiffs and their surety pay the cost incurred by their said motion."

Plaintiffs excepted and appealed.

*J. O. Tally, Jr., and W. D. Sabiston, Jr., for plaintiffs, appellants.*
*Spence & Boyette for defendants, appellees.*

DEVIN, J. The court denied the plaintiffs' motion for a restraining order enjoining the election called to be held 26 August on the question

of legalizing the sale of beer and wine in Moore County. Thereafter the election was held and the vote was against the sale of beer and wine. The defendants insist that the questions raised by the plaintiffs' appeal have now become academic. *Saunders v. Bulla,* 232 N.C. 578; *Eller v. Wall,* 229 N.C. 359, 49 S.E. 2d 758; *Penland v. Gowan,* 229 N.C. 449, 50 S.E. 2d 182; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663. But we think the decisions cited are not controlling on the facts here presented. In the case at bar restraining the election was not the sole object of the litigation. *Eller v. Wall, supra; Penland v. Gowan, supra.* The plaintiffs as citizens and taxpayers have alleged that the election, if called and held on the date named, would be in violation of the restrictions contained in the statute, would be illegal and· void, and that if the vote went against the legal sale of beer and wine property rights of the plaintiffs and of others would be materially affected and the county suffer serious impairment of revenue.· The plaintiffs are entitled to a determination of the questions presented by their appeal.

The statute, G.S. 18-124, under which the election was called and held, contains these provisions: "(d) Time of calling election.—Whenever a petition for an election is presented to the county board of elections pursuant to the provisions of this article, said board shall within thirty (30) days call the election petitioned for . . . (f) Restrictions as to time of election.—No election shall be held pursuant to the provisions of this article in any county within sixty (60) days of the holding of any general election, special election, or primary election in said county or any municipality thereof." G.S. 18-124 (d) (f).

The able judge of the Superior Court, who heard this matter below, was of the opinion that the prohibition contained in the statute against a county election on the question of legal sale of beer and wine within sixty days of any general or municipal election referred to the time of making the order calling the election, and as admittedly no other election at that time (30 May, 1950) had been called, the subsequent calling and holding of a municipal election did not render the election of 26 August illegal. Accordingly, the motion for restraining order was denied, and demurrer *ore tenus* to the complaint sustained.   ·

We are unable to concur in this view. The statute declares that no election shall be held within sixty days of the holding of a municipal election. Here it appears that an election in good faith, in conformity with law, was held 15 August, 1950, in a municipality of and within the County of Moore, within less than sixty days of the date of county election now in question.

Defendants contend that under this construction of the statute, it is always within the power of a municipality in the county, if it sees fit, to render ineffectual a county election on the legal sale of beer and wine,

and that this is not in accord with the legislative purpose. But the statute makes no exception. We have no power to add to or subtract from the language of the statute. The province of the Court is to interpret statutes conformable to the language in which they are expressed, and to declare the law in accord with the will of the law-making power, when exercised within constitutional limits. The question of the wisdom or propriety of statutory provisions is not a matter for the courts, but solely for the legislative branch of the state government.

For the reasons herein set out the order sustaining defendants' demurrer *ore tenus* to the complaint must be held for error and the judgment

Reversed.