OSBORNE v. CONSOLIDATED JUDICIAL RETIREMENT SYSTEM

[333 N.C. 246 (1993)]

SAMUEL L. OSBORNE v. THE CONSOLIDATED JUDICIAL RETIREMENT
SYSTEM OF NORTH CAROLINA

No. 45PA92

(Filed 8 January 1993)

**Pensions § 1 (NCI3d)— judges—retirement system—purchase of credit**

There is nothing in N.C.G.S. § 135-4(f)(6), which gave plaintiff the right to purchase retirement credits based on military service, stating the time the right remains open, and it is not inconsistent for N.C.G.S. § 135-4(m) to require the right to be exercised within three years. Although N.C.G.S. § 135-4(f)(6) began with the phrase "Notwithstanding any other provision of this Chapter," which plaintiff contends excludes the application of N.C.G.S. § 135-4(m), the two subsections can be read so as to give effect to both, and such an interpretation is reinforced by legislative history.

**Am Jur 2d, Pensions and Retirement Systems § 1738.**

On discretionary review pursuant to N.C.G.S. § 7A-31, from a decision of the Court of Appeals, 106 N.C. App. 299, 416 S.E.2d 204 (1992), affirming a judgment entered by Freeman, J., in the Superior Court, Wilkes County, on 19 November 1991. Heard in the Supreme Court 2 November 1992.

This appeal involves the interpretation of the statute governing the right of a judge, who is a member of the Consolidated Judicial Retirement System, to purchase retirement credits based upon his prior military service. The appellee instituted this action by filing a petition for a contested case hearing pursuant to N.C.G.S. § 150B-23, on 13 August 1990, in which he challenged respondent's method of calculating the cost to him to purchase credits in the Consolidated Judicial Retirement System for his military service as allowed by N.C.G.S. § 135-4.

The facts of this case are not in dispute. The appellee has been a district court judge for the Twenty-third Judicial District and a member of what is now the Consolidated Judicial Retirement System since 1970. On 7 December 1980, the appellee became eligible, pursuant to N.C.G.S. § 135-4(f)(6), to purchase three years and ten months retirement credit based on his military service.

OSBORNE v. CONSOLIDATED JUDICIAL RETIREMENT SYSTEM

[333 N.C. 246 (1993)]

On 3 December 1986, the appellee requested from the Retirement System an estimate of the cost to purchase service credits for military service. The cost was calculated based on the full actuarial cost rather than the reduced costs to which the appellee contends he was entitled under N.C.G.S. § 135-4(f)(6).

An administrative law judge, on 23 August 1991, recommended that summary judgment be entered for the appellee. The Board of Trustees of the Consolidated Judicial Retirement System, on 29 October 1991, refused to adopt the recommendation and denied relief to the appellee. On 19 November 1991, the superior court held that the final agency decision of the Board of Trustees was erroneous as a matter of law and entered a judgment for the appellee. The Court of Appeals affirmed.

We allowed discretionary review.

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham, for petitioner appellee.*

*Lacy H. Thornburg, Attorney General, by Alexander McC. Peters, Assistant Attorney General, for respondent appellant.*

WEBB, Justice.

The resolution of this case depends on the interpretation of certain subsections of N.C.G.S. § 135-4, which were in effect on 7 December 1980 when the appellee became eligible to purchase a retirement credit based on his military service. At that time, N.C.G.S. § 135-4(f)(6), which was repealed in 1981 without diminishing any rights of a member thereunder, 1981 N.C. Sess. Laws ch. 636, § 1, provided in part as follows:

> Notwithstanding any other provision of this Chapter, teachers and other State employees not otherwise allowed service credit for service in the armed forces of the United States may, upon completion of 10 years of membership service, purchase such service credit by paying in a total lump sum an amount, based on the compensation the member earned when he first entered membership and the employee contribution rate at that time, with sufficient interest added thereto so as to equal one half the cost of allowing such service, plus a fee to cover expense of handling payment to be determined by the Board of Trustees and assessed the member at the time of payment . . . .

At the time the appellee became eligible to purchase the retirement credit, N.C.G.S. § 135-4(m) provided in part:

> [A]ll repayments and purchases of service credits, allowed under the provisions of this section or of any repealed provision of this section that was repealed with inchoate and accrued rights preserved, must be made within three years after the member first becomes eligible to make such repayments and purchases.

It is under these two subsections that we must determine whether the appellee may purchase a credit for time in service at a reduced rate.

The appellee argues and the Court of Appeals held that the phrase at the beginning of N.C.G.S. § 135-4(f)(6), which says, "[n]otwithstanding any other provision of this Chapter" excluded the application of N.C.G.S. § 135-4(m), which requires that the purchase must be made within three years of a member's eligibility to do so. The appellee says the plain meaning of these words is that no other provision of Section 135 can prevent him from purchasing his military service credit at the reduced cost at any time following his completion of ten years as a member of the system.

We do not believe the meaning of the phrase is as clear as the appellee contends. Although the phrase gave him the right to purchase retirement credits based on his time in service, there is nothing in N.C.G.S. § 135-4(f)(6) which says how long this right remains open. If the right is required to be exercised within three years by N.C.G.S. § 135-4(m), we do not believe this makes the two subsections inconsistent. This is the way we read the two subsections. By doing so, we give effect to both subsections.

We are reinforced in our belief as to the proper interpretation of these subsections by their legislative history. The two subsections were first adopted by Chapter 1311 of the 1973 Session Laws. The Chapter, in its first section, provided for the purchase of credit for military service. In the second section, it provided for the repurchase of credits by those who have withdrawn their contributions from the system. The third section provided for the purchase of retirement credits based on employment by other states. Each of the three sections began with the phrase "[n]otwithstanding any other provision of this Chapter."

OSBORNE v. CONSOLIDATED JUDICIAL RETIREMENT SYSTEM

[333 N.C. 246 (1993)]

Section 5 of Chapter 1311 provided "[a]ll repayments must be made within three years after the member first becomes eligible to make such repayment." Thus, in the very act which created the right to purchase retirement credits, it was provided it must be done within three years of first becoming eligible to do so. If Section 5 applies only to the second section of the Chapter, because Section 2 is the only one which provides for a repayment, it nevertheless shows that requiring a purchase of credits within three years of eligibility to do so is not inconsistent with the phrase "[n]otwithstanding any other provision of this Chapter," because that is a phrase used at the beginning of Section 2.

In 1979, N.C.G.S. § 135-4(m) was amended to read as it did when the appellee became eligible to purchase credit for his time in military service. It said specifically that "purchases of service credits, allowed under the provisions of this section or of any repealed provision of this section that was repealed with inchoate and accrued rights preserved, must be made within three years after the member first becomes eligible to make such . . . purchases." This is a plain and unambiguous statement and we hold it must be followed. It is not overruled by the more ambiguous phrase "[n]otwithstanding any other provision of this Chapter."

In 1992, the General Assembly revised N.C.G.S. § 135-4(m), to make it clear that its intention was that credits for military service had to be purchased within three years of the date a member first becomes eligible to do so. Although we are not bound by the interpretation a session of the General Assembly gives for an act passed by a previous session, we can give it some consideration in determining how such an act should be interpreted. *See State ex rel. Cobey v. Simpson*, 333 N.C. 81, 423 S.E.2d 759 (1992).

Our decision in this case is consistent with other cases interpreting N.C.G.S. § 135-4. *See In re Ford*, 52 N.C. App. 569, 279 S.E.2d 122 (1981).

For the reasons stated in this opinion, we conclude that the order of the Court of Appeals should be reversed and the final agency decision should be affirmed. The decision of the Court of Appeals is, therefore,

REVERSED.