MAURICE J. WORRELL v. N.C. DEPARTMENT OF STATE TREASURER, RETIREMENT SYSTEMS DIVISION

No. 314A92

(Filed 8 April 1993)

**Retirement Systems § 4 (NCI4th) — Teachers' and State Employees' Retirement System — purchase of credit for military service — date of eligibility for purchase**

A State employee became eligible to purchase retirement credit for his military service on 31 October 1987 where he became an employee of the Pender County Sheriff's Department and a member of the North Carolina Local Governmental Employees' Retirement System on 1 October 1973; he assumed a position with the North Carolina Employment Security Commission and became a member of the State System on 1 November 1977; his accumulated contribution and membership service credits in the Local System were transferred to the State System on 19 March 1980; appellant attempted to purchase retirement credits for his time in military service at the reduced rate on 14 November 1988; and appellant was advised by respondent that he would have to pay the full actuarial value for the benefits because more than three years had elapsed from the time he became eligible to purchase the benefits. Although respondent argues that membership service in the Local System must be a part of membership

service in calculating the time for purchasing service credit, the plain words of N.C.G.S. § 135-18.1 define membership service as "service as a teacher or State employee rendered while a member of the Retirement System." The "Retirement System" is "the Teachers' and State Employees' Retirement System." N.C.G.S. § 135-1(22).

**Am Jur 2d, Pensions and Retirement Funds §§ 1643, 1645.**

On appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 106 N.C. App. 640, 418 S.E.2d 241 (1992), reversing an order entered by Lewis (Robert D.), J., in the Superior Court, Buncombe County, on 8 February 1991. Heard in the Supreme Court 12 January 1993.

This appeal brings to the Court a question as to the cost to the appellant to purchase credit under the Teachers' and State Employees' Retirement System (State System) for time spent in the armed forces of the United States. The facts are not in dispute. On 1 October 1973, the appellant became an employee of the Pender County Sheriff's Department and a member of the North Carolina Local Governmental Employees' Retirement System (Local System). On 1 November 1977, he assumed a position with the North Carolina Employment Security Commission and became a member of the State System. On 19 March 1980, the appellant's accumulated contribution and membership service credits in the Local System were transferred to the State System.

On 14 November 1988, the appellant attempted to purchase retirement credits for his time spent in the military service at the reduced rate provided by law. He was advised by the respondent that he would have to pay the full actuarial value for the benefits because more than three years had elapsed from the time he became eligible to purchase the benefits.

The appellant filed a petition for a contested case hearing with the Office of Administrative Hearings. An administrative law judge recommended that the appellant be allowed to purchase his military service credit at the reduced rate. The Board of Trustees of the Teachers' and State Employees' Retirement System issued a final agency decision in which it determined that the recommended decision was erroneous and refused to adopt it. The superior court reversed the final agency decision and entered a judgment for the petitioner. The Court of Appeals reversed the superior court.

*Talmage Penland for petitioner appellant.*

*Michael F. Easley, Attorney General, by Alexander McC. Peters, Assistant Attorney General, for respondent appellee.*

WEBB, Justice.

The resolution of the issue in this case depends on the application of certain sections of Chapter 135 of the General Statutes which deal with the retirement system for teachers and state employees. The petitioner was given the right to purchase a service credit in the State System by N.C.G.S. § 135-4(f)(6), which has been repealed, with his right to purchase the credit preserved. This section provided in part:

> Notwithstanding any other provision of this Chapter, teachers and other State employees not otherwise allowed service credit for service in the armed forces of the United States may, upon completion of 10 years of membership service, purchase such service credit by paying in a total lump sum an amount, based on the compensation the member earned when he first entered membership and the employee contribution rate at that time, with sufficient interest added thereto so as to equal one half the cost of allowing such service, plus a fee to cover expense of handling payment . . . .

N.C.G.S. § 135-4(m) provides that if a member purchases credit for his or her military time at the reduced rate, it must be done within three years of the time at which the member becomes eligible. *See Osborne v. Consolidated Judicial Retirement System,* 333 N.C. 246, 424 S.E.2d 115 (1993).

The question posed by this appeal involves the determination of the date the petitioner became eligible to purchase a credit for military service. In order to purchase the credit at a reduced rate, the petitioner had to do so within three years of the date he became eligible. N.C.G.S. § 135-4(f)(6) says the purchase may be made "upon completion of 10 years of membership service." N.C.G.S. § 135-1(14) defines membership service as "service as a teacher or State employee rendered while a member of the Retirement System." N.C.G.S. § 135-1(22) defines Retirement System as "the Teachers' and State Employees' Retirement System of North Carolina."

The petitioner says the plain language of the pertinent sections of Chapter 135 requires that we hold that he was not eligible to purchase credit for his military service until 31 October 1987. He says that these sections require that he has to complete ten years of membership service, which service is rendered as a state employee and a member of the State System. He argues that he became a state employee and a member of the State System on 1 November 1977. He completed ten years of service on 31 October 1987 and the plain words of the statute provide that he became eligible to purchase the credit on that date.

The respondent says that in determining the eligibility date for the purchase of the service credit, we must look at N.C.G.S. § 135-18.1. That is the section which provides for the transfer of retirement credits from the Local System to the State System. The respondent says this section governs the petitioner's retirement status after the transfer. This section says in part:

(a) . . . Any person who becomes a member of this Retirement System on or after July 1, 1951, shall be entitled prior to his retirement to transfer to this Retirement System his credits for membership and prior service in the local system: Provided, the actual transfer of employment is made while his account in the local system is active and such person shall request the local system to transfer his accumulated contributions, interest, and service credits to this Retirement System; provided further, with respect to any person who becomes a member of this Retirement System after July 1, 1969, the local system agrees to transfer to this Retirement System the amount of reserve held in the local system as a result of previous contributions of the employer on behalf of the transferring employee.

(b) The accumulated contributions withdrawn from the local system and deposited in this Retirement System shall be credited to such member's account in the annuity savings fund of this Retirement System and shall be deemed, for the purpose of computing any benefits subsequently payable from the annuity savings fund, to be regular contributions made on the date of such deposit.

(c) Upon the deposit in this Retirement System of the accumulated contributions previously withdrawn from the local system the Board of Trustees of this Retirement System shall

request the Board of Trustees of the local system to certify to the period of membership service credit and the regular accumulated contributions attributable thereto and to the period of prior service credit, if any, and the contributions with interest allowable as a basis for prior service benefits in the local system, as of the date of termination of membership in the local system. Credit shall be allowed in this System for the service so certified in determining the member's credited service and, upon his retirement he shall be entitled, in addition to the regular benefits allowable on account of his participation in this Retirement System, to the pension which shall be the actuarial equivalent at age 65 or at retirement, if prior thereto, of the amount of the credit with interest thereon representing contributions attributable to his service credits in the local system.

The appellee argues that N.C.G.S. § 135-18.1 provides that membership service when transferred from the Local System to the State System is to be treated as membership service in the State System. This being the case, says the respondent, it must be a part of membership service in calculating the appellant's time for purchasing his service credit. The difficulty with this argument is that the statute provides a precise definition of membership service. It is "service as a teacher or State employee rendered while a member of the Retirement System." N.C.G.S. § 135-1(14) (1992). The "Retirement System" is "the Teachers' and State Employee's Retirement System." N.C.G.S. § 135-1(22) (1992). We can find nothing in N.C.G.S. § 135-18.1 which changes this definition. We are bound by the plain words of the statute. *Ferguson v. Riddle*, 233 N.C. 54, 62 S.E.2d 525 (1950).

The respondent argues that if we hold that the transferred right is not treated as membership service in the State System, there will be several consequences that were obviously not intended by the General Assembly. As an example, it says a member's creditable service cannot be used to determine his eligibility for retirement. It is not necessary for us to determine this question in this case. The only thing we hold in this case is that Chapter 135 as applied in this case requires that the appellant became eligible to purchase retirement credit for his military time on 31 October 1987.

For the reasons stated in this opinion, we reverse and remand to the Court of Appeals for further remand to the Superior Court, Buncombe County, for reinstatement of its order.

REVERSED AND REMANDED.