IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-726

Filed 18 June 2025

Office of Admin. Hearings, No. 23DHR03681

MH MISSION HOSPITAL, LLLP, Petitioner,

v.

NC DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, HEALTH CARE PLANNING & CERTIFICATE OF NEED, Respondent.

Appeal by Petitioner and cross-appeal by Respondent from a final decision entered 10 May 2024 by Administrative Law Judge Michael C. Byrne in Office of Administrative Hearings. Heard in the Court of Appeals 25 February 2025.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, by William F. Maddrey, Kenneth L. Burgess, Matthew A. Fisher, and Iain M. Stauffer, for the petitioner-appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General, Derek L. Hunter, for the respondent-appellee.*

*Wyrick Robbins Yates & Ponton LLP, by Frank Kirschbaum, Charles George, and Trevor P. Presler, for the respondent-intervenor-appellant.*

TYSON, Judge.

MH Mission Memorial Hospital, LLLP ("Petitioner" or "Mission Memorial") appeals from a Final Decision by an Administrative Law Judge ("ALJ") affirming the decision of the North Carolina Department of Health and Human Services, Division of Health Service Regulation, Healthcare Planning and Certificate of Need Section

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

("DHHS"). DHHS approved AdventHealth Asheville, Inc.'s and Adventist Health System Sunbelt Healthcare Corporation's (collectively "Respondent-Intervenor" or "Advent") application for a certificate of need ("CON") for a new hospital with sixty-seven acute beds, one obstetrical c-section delivery operating room, and five procedure rooms.

Petitioner appealed DHHS' decision to the Office of Administrative Hearings ("OAH"). The ALJ affirmed DHHS' decision and entered a Final Decision for Advent on 10 May 2024. Mission Memorial appeals. Advent cross-appeals.

## I. Background

The 2022 State Medical Facilities Plan ("2022 SMFP") identified a need for an additional sixty-seven acute care beds in the service area of Buncombe, Graham, Madison, and Yancey counties. Advent is a not-for-profit acute healthcare system operating in Western North Carolina. Mission Memorial operates an 815 bed, tertiary-quaternary acute care hospital facility located in Asheville. Mission Memorial is a subsidiary of HCA Healthcare, Inc.

Mission Memorial submitted a CON application to develop sixty-seven additional acute care beds at its existing hospital in Buncombe County on 15 June 2022. Advent filed a CON application to develop a new hospital with sixty-seven acute care beds, one obstetrical c-section operating delivery room, and five procedure rooms at a new location in Buncombe County the same day.

Novant Health Asheville Medical Center ("Novant") also filed a CON

MH MISSION HOSP., LLLP v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

application to develop a new hospital with sixty-seven acute care beds, one relocated operating room from the Outpatient Surgery Center of Asheville, one obstetrical c-section operating delivery room, and three procedure rooms at a new location in Buncombe County.

DHHS determined the three applications were submitted by qualified applicants and complete and began its review on 1 July 2022. DHHS determined the approval of one application under the 2022 SMFP would result in the denial of the other applications. *See* N.C. Gen. Stat. § 131E-183(a)(1) (2023) ("The proposed project shall be consistent with applicable policies and need determinations in the State Medical Facilities Plan, the need determination of which constitutes a determinative limitation on the provision of any health service, health service facility, health service facility beds, dialysis stations, operating rooms, or home health offices that may be approved.").

Mission Memorial submitted written comments addressing both Advent's and Novant's applications. Advent submitted written comments to DHHS addressing the proposals included in both Mission Memorial's and Novant's applications. Novant also submitted written comments to DHHS addressing the proposals included in both Advent's and Mission Memorial's applications.

DHHS conducted a public hearing in Buncombe County on 12 August 2022. DHHS did not allow eight attendees to speak at a certain time at the public hearing because they were purported employees of Mission Memorial or employees of one its

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

affiliated hospitals or entities.  DHHS hearing administrators decided these speakers should have presented during the "Proponent Time Period" of the hearing, rather than during the "Public Time Period."

DHHS issued its decision approving Advent's application and disapproving Mission Memorial's and Novant's application on 22 November 2022.  Mission Memorial filed a Petition for Contested Case Hearing in the OAH to seek administrative review of the 22 November 2022 decision on 21 December 2022.  Novant also filed a Petition for Contested Case Hearing in the OAH on the same day.

By order entered 20 January 2023, the OAH consolidated the cases and allowed Mission Memorial and Novant to intervene in both parties' actions.  Novant voluntarily dismissed its petition for a contested case hearing with prejudice on 21 March 2023.  Mission Memorial voluntarily dismissed its petition for a contested case on 14 August 2023, but it refiled a Petition for Contested Case Hearing the same day.

The ALJ entered a Final Decision to uphold DHHS' decision to award Advent the CON to develop its proposed project.  Mission Memorial appeals.  Advent cross-appeals.

## II.   Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 131E-188(b) and 7A-29(a) (2023).

## III.   Standard of Review

This Court applies a *de novo* standard of review if a party argues DHHS'

MH Mission Hosp., LLLP v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

"findings, inferences, conclusions, or decisions are: (1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the agency or administrative law judge; (3) made upon unlawful procedure; [or] (4) affected by other error of law[.]" N.C. Gen. Stat. § 150B-51(b)(1)-(4) and 51(c) (2023).

If the appealing party argues DHHS' decision was "(5) Unsupported by substantial evidence admissible . . . in view of the entire record as submitted; or (6) Arbitrary, capricious, or an abuse of discretion [,]" this Court must apply the "whole record" test. N.C. Gen. Stat. § 150B-51(b)(5)-(6) and 51(c) (2023). A petitioner's status as a denied applicant does not alone constitute substantial prejudice. *CaroMont Health, Inc. v. N.C. HHS Div. of Health Serv. Regulation*, 231 N.C. App. 1, 5, 751 S.E.2d 244, 248 (2013) (citation omitted); *Parkway Urology, P.A. v. N.C. HHS*, 205 N.C. App. 529, 536-37, 696 S.E.2d 187, 193 (2010).

A non-applicant's witness's attempt to quantify the projected harm that will allegedly result from grant of the application is insufficient. *Id.* The evidence must be persuasive and demonstrate the harm caused by the CON approval to successfully challenge DHHS' grant of a CON application. *Id.* at 17, 751 S.E.2d at 255.

"The cardinal principle of statutory construction is that the intent of the legislature is controlling. In ascertaining the legislative intent, courts should consider the language of the statute, the spirit of the statute, and what it seeks to accomplish." *State ex rel. Utilities Commission v. Public Staff*, 309 N.C. 195, 210, 306 S.E.2d 435, 443-44 (1983) (citations omitted).

MH Mission Hosp., LLLP v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

A statute "should always be interpreted in a way which avoids an absurd consequence." *Wake Med v. N.C. Dep't of Health and Human Servs.*, 225 N.C. App. 253, 258, 737 S.E.2d 754, 757 (2013) (quoting *Sheffield v. Consolidated Foods Corp.*, - 22 - 302 N.C. 403, 423, 276 S.E.2d 422, 435 (1981)). "Where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." *Wake Med*, 225 N.C. at 258, 737 S.E.2d at 757-58 (quoting *Frye Reg'l Med. Ctr. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999)).

Our Supreme Court has held:

> When the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review. Although the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference by appellate courts, those interpretations are not binding. "The weight of such [an interpretation] in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."

*N.C. Sav. & Loan League v. N.C. Credit Union Comm'n*, 302 N.C. 458, 465-66, 276 S.E.2d 404, 410 (1981) (citations omitted) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 89 L. Ed. 124, 129 (1944)).

## IV.    Issues

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Mission Memorial contends the ALJ erred in finding and concluding Advent's CON application met the "qualified applicant" standard and complied with Criteria 1 and 12 of N.C. Gen. Stat. § 131E-183(a)(1), (12) (2023) to meet the need outlined in the 2022 SMFP. Mission Memorial further asserts DHHS violated N.C. Gen. Stat. § 131E-185 (2023) by refusing to allow eight individuals to speak at the public hearing, resulting in substantial prejudice to Mission Memorial from the approval of Advent's application.

Advent argues Mission Memorial's application failed to comply with Criteria 1, 4, and 18a, under N.C. Gen. Stat. § 131E-183(a)(1), (4), (18a) (2023), and was not eligible for CON approval.

## V. Advent's CON Application Compliance with Criterion 1 and 12 of N.C. Gen. Stat. § 131E-183 (2023)

DHHS determined and concluded Advent was a qualified CON applicant in compliance with § 131E-183(a) criteria. N.C. Gen. Stat. § 131E-183(a) (2023). Mission Memorial argues the ALJ erroneously found Advent to be a qualified applicant because it had failed to comply with Criteria 1 and 12. *Id.* We disagree.

### A. Analysis

The 2022 SMFP defines a "qualified applicant" applying "for a CON to acquire the needed acute care beds" as a person or entity "who proposes to operate the additional acute care beds in a hospital," to provide: (1) "a 24-hour emergency services department;" (2) "inpatient medical services to both surgical and non-surgical

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

patients; and" (3) "if proposing a new licensed hospital, medical and surgical services on a daily basis within at least five of the following major diagnostic categories (MDC) recognized by the Centers for Medicare & Medicaid Services (CMS)." N.C. Dep't Health & Hum. Servs. ("NC DHHS"), State Medical Facilities Plan 37 (2022).

### 1. *General OR Requirement (Criterion 1)*

Statutory Review Criterion 1 of N.C. Gen. Stat. § 131E-183(a)(1) ("Criterion 1") requires proposed projects to be consistent with needs of qualified applicants as set forth by the SMFP. N.C. Gen. Stat. § 131E-183(a)(1) (2023) (providing the applicant's proposal must be "consistent with applicable policies and need determinations in the State Medical Facilities Plan"). The 2022 SMFP provided an applicant proposing to develop and construct a new hospital must also provide medical and surgical services on a daily basis within at least five of the twenty-five MDCs listed in the 2022 SMFP and recognized by CMS. NC DHHS, State Medical Facilities Plan 37.

Mission Memorial argues, while Advent's application includes a proposal to develop a new c-section operating room ("OR"), the application did not propose to develop a new general purpose OR to be used for any type of surgical procedure, which would not support the conclusion Advent would be providing surgeries on a daily basis.

No statute or regulation requires a new hospital to include a general-purpose OR to qualify for the CON under the SMFP, as Mission Memorial suggests. The

MH MISSION HOSP., LLLP v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

purported requirement to provide a general purpose OR is not mentioned in the SMFP definition of a "qualified applicant." The SMFP simply requires the applicant to offer "medical and surgical services" within the five of the twenty-five MDCs. NC DHHS, State Medical Facilities Plan 37. The language of the SMFP is unambiguous and incorporated into a statute. *See* N.C. Gen. Stat. § 131E-183(a)(1) (2023). The language should be interpreted using the plain meaning of its words, applying "surgical services" broadly rather than to limit the terms of the 2022 SMFP to mandate a general purpose OR. *Lemons v. Boy Scouts of America, Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 688, *reh'g denied,* 322 N.C. 610, 370 S.E.2d 247 (1988) ("When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning.").

Additionally, Advent's application proposed to develop five procedure rooms and one c-section OR, which is recognized as an OR by DHHS. *See* 10A N.C. Admin. Code 14C.2101 (2021); NC DHHS, State Medical Facilities Plan 49, 54. The ALJ found Advent would provide "medical and surgical services on a daily basis within eight (8) MDCs in Project Year 1, ten (10) MDCs in Project Year 2, and twelve (12) MDCs in Project Year 3." DHHS concluded Advent was a Qualified Applicant, and the "surgical services" required by the 2022 SMFP could be provided in either a procedure room or in a c-section OR.

Although DHHS may have initially advised Advent a CON application for a new hospital had to include at least one general OR, the statement was without legal

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

justification, and the plain statutory interpretation rule from *Lemons* governs. *Id.* 322 N.C. at 276, 367 S.E.2d at 688. While no other approved applicant proposed to develop a new hospital without at least one general OR, DHHS found and concluded a general OR is not a qualification for the CON award. The ALJ concluded the absence of something does not mean it is either required or prohibited.

Mission Memorial's own witness testified no current law specifies what specific types of procedures can be performed in a procedure room. One of Mission Memorial's witnesses testified surgeries may be performed in a procedure room, provided the licensed clinicians and governing body of the specific facility agree the space is safe and equipped to perform such procedure. The ALJ's Final Decision acknowledges this fact and used this as part of his conclusion Advent was a qualified applicant and DHHS' grant of the CON to Advent should be affirmed.

Mission Memorial also argues the Facility Guidelines Institute ("FGI") guidelines state specific differences between procedure rooms and operating rooms and invasive procedures should not be performed in procedure rooms. At the hearing, it was acknowledged this notion is contained in an FGI Guidelines appendix item, which is not an enforceable part of the guidelines. *See* 10A N.C. Admin. Code 13B.6105(b) (2019).

Mission Memorial's arguments challenging Advent's omission of a general operating room fails to recognize the General Assembly is presumed to be aware of the CON application statutes and decided to maintain *status quo*. Hospitals in North

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Carolina are required to report each year the numbers and types of procedures performed in general ORs. The General Assembly has not found this as a concern by specifying procedural practices by statute. The ALJ's decision complies with the current statutory scheme.

## 2. *Brownfield Site (Criterion 12)*

Statutory Review Criterion 12 ("Criterion 12") requires an applicant to "demonstrate that the cost, design, and means of construction proposed represent the most reasonable alternative, and that the construction of the project will not unduly increase the cost of health services." N.C. Gen. Stat. § 131E-183(a)(12) (2023). DHHS and the ALJ's Final Decision determined Advent's proposed development of a hospital on an EPA Brownfield Site was not strictly barred by a Brownfield Site agreement, and the ALJ concluded the site could be safely remediated for construction if needed. *See* N.C. Gen. Stat. § 130A-310.31 (2023) (explaining a "brownfields site" is "abandoned, idled, or underused property at which expansion or redevelopment is hindered by actual environmental contamination or the possibility of environmental contamination and that is or may be subject to remediation").

Mission Memorial argues it was error for the ALJ to conclude Advent complied with Criterion 12 because Respondent's CON application for the proposed hospital site was a designated Brownfield site. Advent was not aware the location was designated a Brownfield at the time Advent filed its application. Mission Memorial asserts Advent failed to include reasonable and adequate information demonstrating

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

the proposed project is cost-effective and would not incur unreasonable costs in developing its proposed project and to include reasonable and adequate information to demonstrate the project can be developed at its proposed site. Mission Memorial argues the cost of the Advent project failed to factor in the potential remedial costs of the site, considering its Brownfield site designation, and these costs may affect consumers pursuant to N.C. Gen. Stat. § 131E-181(b) (2023).

While Advent did not initially disclose the site's Brownfield designation in its application, DHHS found and the ALJ concluded no legal or practical bar exists to the hospital's development on that site. *Britthaven v. North Carolina Dept. of Human Resources, Div. of Facility Services*, 118 N.C. App. 379, 389, 455 S.E.2d 455, 463 (1995) asserts an ALJ reviewing a CON case is limited to evidence, which either was or could have been before the Agency at the time of its original decision.

In *Duke Univ. Health Sys. Inc. v. N.C. Dep't of Health & Hum. Servs.*, 295 N.C. App. 25, 905 S.E.2d 729 (2024) ("*Duke I*"), DHHS found the applications of both UNC and Duke to develop forty acute care beds and four operating rooms in the Durham/Caswell County service area to be conforming with all statutory criteria under N.C. Gen. Stat. 131E-183(a). *Id.* at 77, 905 S.E.2d. at 761. DHHS conditionally approved the UNC application, and the ALJ affirmed DHHS' decision after being presented with a "proposed alternative location" after learning "the primary location is currently subject to zoning requirements and restrictive covenants that would, as they stand currently, prevent the construction of the proposed facility." *Id.* This

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Court remanded the matter "given the possibility that the ALJ would not have awarded UNC the CON without the additional consideration of the proposed alternative site and a future material compliance request, we have no way of knowing whether the ALJ's conclusion would have followed from only the allowable considerations." *Id.* Duke had argued UNC's proposal was nonconforming with Criterion 12 because the hospital's primary proposed location in Research Triangle Park was subject to restrictive covenants not accounted for in the application, which purportedly prohibited the development of a hospital, while the alternate proposed site posed hazards that would require extra costs to remediate. *Id.* at 295 N.C. App. 58, 905 S.E.2d 751. This Court overturned the ALJ's determination on this basis.

In contrast to the facts in *Duke I*, no definitive evidence was offered tending to show a hospital could not be built on Advent's proposed site. The ALJ found "as of the time of the hearing, it has not been established that [Advent] cannot use the . . . site to construct a hospital," and "[t]here is no evidence before the Agency or this Tribunal that the site selected by [Advent] could not be used by [Advent] for its proposed project . . . ."

No evidence before DHHS showed the Brownfield site was not suitable for development as a hospital, and nothing in the Brownfield agreement strictly prohibited the construction of the hospital. The ALJ further concluded the Brownfield site had potential for remediation, and no evidence was offered such remediation would exceed projected project costs.

- 13 -

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Unlike in *Duke I,* where this Court questioned whether the ALJ would have reached the same decision if an alternate site was not considered and the ability to use a different site pursuant to a material compliance request, here, the availability of the material compliance request was, at most, an alternate basis for his finding of conformity with Criterion 12. *Id.* at 77, 905 S.E.2d. at 761. There is no doubt whether the ALJ would have found conformity with Criterion 12 even without considering the availability of a material compliance request. *Id.*

The DHHS project analyst testified "[n]othing about [the Brownfield designation] automatically makes it a site that cannot be developed." She added: "[i]n situations where I have found that there are land restrictions that would prevent . . . a CON facility from being developed, I have denied an applicant because of that, but nothing in the Brownfield's agreement by itself said it couldn't be developed." While the EPA Brownfield designation clearly prohibits numerous activities, as was found by the ALJ, none prohibits building a hospital on the site.

The ALJ correctly found:

It is simply not the Tribunal's function under the CON law to supersede the Agency's judgement and declare that a given site is "inappropriate" for the proposed new hospital. Either the proposed hospital site property is legally barred from use as a hospital, or it is not. It is not, and accordingly, the Tribunal will not replace the Agency's judgment on this issue with its own.

As the ALJ properly noted, it is not the function on appellate review under the CON law to supersede DHHS' judgment and to declare a site is "inappropriate" for a

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

proposed project. "Either the proposed hospital site is legally barred from use as a hospital, or it is not." The Final Decision also evidences how the ALJ would have decided on Criterion 12 if he had not considered the possibility of Adent later filing a material compliance request for a different property be used. No evidence tends to show required remediation would cause undue cost increases.

The ALJ found and concluded no evidence showed the hospital could not be safely built on the property selected. *Id.* Because no evidence tends to show Advent was not compliant with Criteria 1 or 12 of the relevant statute, the ALJ's decision on this issue is affirmed.

## VI. Public Hearing

DHHS prohibited eight Mission Memorial employees from speaking during a portion of the public hearing. DHHS determined whether the individual worked for Mission Memorial by examining their email addresses. Mission Memorial argues its employees should have been allowed to speak as members of the public pursuant to N.C. Gen. Stat. § 131E-185 (2023), as long as the employee was not a "proponent" of the CON being awarded to them. We disagree.

### A. Analysis

DHHS is required to conduct a public hearing if: (1) "the review to be conducted is competitive;" (2) "the proponent proposes to spend five million dollars ($5,000,000) or more;" (3) "a written request for a public hearing is received before the end of the written comment period from an affected party as defined in G.S. 131E-188(c);" or,

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

(4) "the agency determines that a hearing is in the public interest."  N.C. Gen. Stat. § 131E-185(2) (2023).

If a public hearing is held, the public hearing "shall" include:

> a. An opportunity for the proponent of each application under review to respond to the written comments submitted to the Department about its application.
>
> b. An opportunity for any person, except one of the proponents, to comment on the applications under review.
>
> c. An opportunity for a representative of the Department, or such other person or persons who are designated by the Department to conduct the hearing, to question each proponent of applications under review with regard to the contents of the application.

N.C. Gen. Stat. § 131E-185(2)(a)-(c)(2023).

In *Fletcher I*, this Court held the failure to hold a public hearing was error under N.C. Gen. Stat. § 131E-185.  *Fletcher Hosp. Inc. v. N. Carolina Dep't of Health & Hum. Servs., Div. of Health Serv. Regul., Health Care Plan. & Certificate of Need Section*, 293 N.C. App. 41, 47, 902 S.E.2d 1, 5 (2024) ("*Fletcher I*").  The Court in *Fletcher I* held the requirements in N.C. Gen. Stat. § 131E-185(2) are clear, and "this Court has 'no power to add to or subtract from the language of the statute.'"  *Id.* (quoting *Ferguson v. Riddle*, 233 N.C. 54, 57, 62 S.E.2d 525 (1950)).

Here, and unlike in *Fletcher I*, DHHS conducted a hearing as required by statute.  Mission Memorial asserts the project exceeded the five-million-dollar cap, and a public hearing was required.  N.C. Gen. Stat. § 131E-185(2) (2023).  Mission

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Memorial's argument relies upon cases where no public hearing occurred at all, despite also acknowledging a public hearing was held in this case. Our General Statutes delineate the time during which the general public is scheduled to speak, the "Public Time Period", from the time during which a proponent of the application is permitted to speak, the "Proponent Time Period." *Compare* N.C. Gen. Stat. §131E-185(a1)(2)(a.) and (b.) (2023). DHHS' hearing included both a Proponent Time Period and a Public Time Period.

Mission Memorial contends the DHHS Coordinator wrongfully restricted certain people from speaking during the Public Time Period based upon her classification of them as employees of Mission Memorial or its affiliates and as proponents. She made this decision by reviewing the email addresses these individuals used to sign in at the hearing, and she barred all individuals with a Mission Memorial email address from speaking as a member of the public. All of those prohibited from speaking during the Public Time Period were either employees of Mission Memorial or one of its affiliate organizations, and they were presumed to be speaking in favor of Mission Memorial's application and against Advent's and Novant's applications. Mission Memorial argues this restriction of an applicant's employees from speaking during the Public Time Period violated the statute requiring a public hearing.

Mission Memorial contends DHHS' action undermined the clear intent of the statute. By its terms, during the Proponent Time Period, the application proponents

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

are limited to "respond[ing] to the written comments submitted to the Department about its application," and under subsection (a1)(2)(a.), cannot attack another applicant. N.C. Gen. Stat. §131E-185(a1)(2)(a.) (2023). No such limitation exists with respect to the Public Time Period, where the opportunity existed to "comment on the applications under review," which allow a member of the public, but not proponents, to make positive or negative comments on any of the applications at issue. N.C. Gen. Stat. §131E-185(a1)(2)(b.) (2023).

Reviewing N.C. Gen. Stat. §131E-185(a1)(2) and the facts of this case, the record shows DHHS' project analyst's decision to limit an applicant's employees to speaking only during the Proponent Time Period was consistent with the statutes. The DHHS' project analyst determined to allow applicant employees to speak as public commenters would collapse this distinction between the Proponent Time Period and the Public Time Period outlined in the statute. *Id.* The ALJ found DHHS' interoperation of the statute was reasonable and consistent.

Even if this Court determined a reasonable interpretation of the public hearing statute allowed an applicant to self-select who among its officers were to speak as a proponent and who was to speak as a member of the public, the DHHS Project Analyst's decision to prevent Mission Memorial's employees from doing so was reasonable and based on a permissible construction of the statute. *Carpenter v. N.C. Dep't of Human Res.*, 107 N.C. App. 278, 279, 419 S.E.2d 582, 584 (1992), *disc. rev. improvidently allowed*, 333 N.C. 533, 427 S.E.2d 874 (1993) (explaining "the court

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

should defer to the agency's interpretation of the statute . . . so as long as the agency's interpretation is reasonable and based on a permissible construction of the statute"). While Mission Memorial relies on communications from the day of the hearing and past practices to argue a different historical interpretation by DHHS, which may have allowed Mission Memorial/HCA employees to speak as members of the public, the agency's interpretation is reasonable and a permissible construction of the statute. *Id.  See* N.C. Gen. Stat. §131E185(a1)(2)(2023).

Even if the decision to limit those individuals to speak only during the Proponent Time Period was erroneous, there is no prejudice shown for overturning the ALJ's decision.  A decision limiting when persons were allowed to speak during certain times during an actual public hearing does not establish substantial prejudice as a matter of law, while the complete failure to hold and have a public hearing does. *See Fletcher I,* 293 N.C. App. at 41, 902 S.E.2d at 1; *Fletcher Hospital Inc. v. N.C. Dep't of Health & Human Servs.*, 295 N.C. App. 82, 906 S.E.2d 19 (2024) ("*Fletcher II*"); *Duke Univ. Health Sys., Inc. v. N.C. Dep't of Health & Hum. Servs., Div. of Health Serv. Regul., Healthcare Plan. & Certificate of Need Section*, 295 N.C. App. 589, 592, 906 S.E.2d 535, 537 (2024) ("*Duke II*").

The ALJ properly concluded DHHS' reasonable interpretation of an applicant's employees being proponents is not shown to be prejudicial error.  *Id.*  Substantial prejudice against Mission Memorial was not established in the limitation of its employees or affiliated employees being permitted to speak during the Public Time

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Period, because the limitation was in accord with the public hearing statute. The ALJ's finding of no prejudice is affirmed.

## VII.   Mission Memorial 's Rights Substantially Prejudiced by the Approval of the Advent CON Application

Mission Memorial argues their rights were substantially prejudiced by the approval of Advent's CON Application because, absent the ALJ's approval of the Advent Application and the award of the CON to Advent, Mission Memorial would have been awarded the CON.

### A.  Analysis

Mission Memorial made several arguments at the hearing it failed to advance in its brief regarding why its rights had been substantially prejudiced by DHHS' decision. Any arguments not advanced on appeal are deemed abandoned. N.C. R. App. P. 28(a) provides, "Issues not presented and discussed in a party's brief are deemed abandoned." Any other evidence or contention not brought forward from Mission Memorial purporting to show it was substantially prejudiced by DHHS' Decision or the ALJ's Final Decision is deemed abandoned. *Id.*

Mission Memorial argues it was substantially prejudiced due to the alleged error with respect to Criterion 1 because: it was an approvable applicant and Advent was not. It asserts DHHS interpreted the definition of "qualified applicant" differently from how Mission Memorial contends it had been interpreted previously. This Court has affirmed Advent complied with DHHS' interpretation of a "qualified

MH MISSION HOSP., LLLP V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

applicant." In *Fletcher I*, DHHS interpreted a CON statute in a manner differently than previously, but to prove this action warranted reversal, the Court required a separate and distinct showing of substantial prejudice separate from DHHS' purported error. *Fletcher I*, 293 N.C. App. at 45-50, 902 S.E.2d at 4-7. Because both of Mission Memorial's prejudice arguments hinge upon this Court holding DHHS erred, which we have held otherwise, Mission Memorial's arguments fail. Mere denial of Mission Memorial's application alone cannot *ipso facto* support substantial prejudice.

Mission Memorial's reliance on *AH N.C. Owner LLC v. N.C. Dep't of Health & Human. Servs.*, 240 N.C. App. 92, 109, 771 S.E.2d 537, 547 (2015) requires the court to find DHHS erred in granting Advent's application by finding them compliant with all criterions of N.C. Gen. Stat. §131E-185.

In *AH N.C. Owner LLC,* this Court directly linked the determination of agency error in the application of the statutory review criterion with the substantial prejudice to the petitioner. *Id.* Without that initial showing and conclusion of error by DHHS, this Court cannot find Mission Memorial was substantially prejudiced. The ALJ's final decision on this issue is affirmed.

## VIII.   Advent's Cross Appeal

Advent cross appeals and argues Mission Memorial's application was not in compliance with Criterion 18a of N.C. Gen. Stat. § 131E-183 (2023) because Mission Memorial did not prove their services were ones for which competition would not have

MH Mission Hosp., LLLP v. N.C. Dep't of Health & Hum. Servs.

*Opinion of the Court*

a favorable impact, or does enhance competition, because it enhances competition "in the proposed service area." *Id*. Advent also argues Mission Memorial's application was not compliant with Criteria 1 and 4. In light of our holding above to affirm the final decision of the ALJ, we need not reach Advent's cross appeal. We dismiss Advent's cross appeal as moot.

## IX. Conclusion

The ALJ reviewed DHHS' evidence and findings and heard arguments from Advent, Mission Memorial, and DHHS. Substantial evidence supported DHHS' finding Advent had complied with Criterion 1 and Criterion 12. Mission Memorial has not demonstrated reversible error in the public hearing.

Mission Memorial has not demonstrated the ALJ's decision is affected by error or how it was substantially prejudiced. The ALJ's final decision to affirm DHHS' decision to award the CON to Respondent is affirmed. Advent's cross appeal is dismissed as moot. *It is so ordered.*

AFFIRMED.

Judges WOOD and MURRY concur.