An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-878

Filed 17 June 2026

Guilford County, No. 25CV014565-400

IN THE MATTER OF:
HENRY THOMAS DAVIS

Appeal by Petitioner from order entered 29 July 2025 by Judge W. Taylor Browne in Guilford County Superior Court. Heard in the Court of Appeals 26 February 2026.

*Petitioner–Appellant Henry T. Davis, pro se.*

MURRY, Judge.

Henry T. Davis (Petitioner) appeals from the trial court's order denying his petition for termination of sex-offender registration. For the reasons below, we affirm the trial court's order.

## I.    Background

On 26 July 1996, a New Jersey superior court convicted Petitioner of three counts of endangering the welfare of a child, an offense requiring Petitioner to register as a sex offender in the State of New Jersey. After moving to North Carolina, Petitioner registered as a sex offender on 4 March 2008. Two years later, he filed a

motion for relief from his sex-offender registration status in New Jersey. On 25 May 2010, the Mercer County Superior Court in New Jersey terminated Petitioner's sex-offender registration status.

On 1 July 2025, Petitioner filed a petition for termination of his sex-offender registration status in North Carolina. With the petition, he provided a copy of the New Jersey order terminating his sex-offender registration status but did not include written notice of the petition to the Mercer County Sheriff's Office or a verifying affidavit as required by N.C.G.S. § 14-208.12A. Following a hearing, the trial court found that Petitioner "left the courtroom during his motion" "[a]fter repeated requests . . . to show compliance with the statutory requirement" that he provide "notice . . . to the sheriff in the county of conviction." This rendered the trial court "unable to make findings relevant to support" the petition. On 29 July 2025, the trial court issued an order denying the petition. Petitioner timely appealed.

## II. Jurisdiction

This Court has jurisdiction to hear Petitioner's appeal of the trial court's order denying termination of sex-offender registration because it is the "final judgment of a superior court." N.C.G.S. § 7A-27(b)(1) (2025).

## III. Analysis

Petitioner argues that the trial court erred by denying his petition for termination of sex-offender registration because his removal from the New Jersey sex-offender registry in 2010 removed any "expectation that he would reach out to

that jurisdiction" regarding his corresponding North Carolina petition. He further contends that the North Carolina sex-offender registration statute "creates a prejudice against sex[-]offender registrants who must register in North Carolina as a result of an out-of-state or federal conviction." *See* N.C.G.S. § 14-208.12A. Because "the ultimate decision of whether to terminate a sex-offender's registration requirement . . . lies in the trial court's discretion," we review the trial court's decision solely for an abuse of that discretion. *In re Hamilton*, 220 N.C. App. 350, 359 (2012). "A trial court abuses its discretion if its determination is manifestly unsupported by reason and is so arbitrary that it could not have been the result of a reasoned decision." *State v. Cummings*, 361 N.C. 438, 447 (2007) (quotation omitted). For the following reasons, we hold that the trial court properly denied the termination of Petitioner's sex-offender registration and thus affirm the trial court's order.

A North Carolina resident "who has a reportable conviction" must "maintain registration with the sheriff of the county where the person resides." N.C.G.S. § 14-208.7(a). The registrant must "maintain[ ]" his registration "for a period of at least [thirty] years following the date of initial county registration unless the person, after [ten] years of registration, successfully petitions the superior court to shorten his . . . registration time period." *Id.* § 14-208.7(a)(2). Along with the petition to terminate his sex-offender registration based on an out-of-state conviction, a petitioner must "provide written notice" of his petition "to the sheriff of the county where [he] . . . was convicted" and file "an affidavit . . . verif[ying]" his written

notification and "provid[ing the sheriff's] . . . mailing address and contact information." *Id.* § 14-208.12A(a).

Here, Petitioner failed to include "written notice" of his petition as required by N.C.G.S. § 14-208.12A(a) to the Sheriff of Mercer County, New Jersey, the county in which he obtained his out-of-state conviction for endangering the welfare of a minor. Petitioner also failed to include the required verifying affidavit providing the sheriff's address and contact information. *See* N.C.G.S. § 14-208.12A(a). Because of his removal from the New Jersey sex-offender registry in 2010, Petitioner claims that "there should be no expectation that he would reach out to that jurisdiction to inform them he was petitioning to be removed from the North Carolina Sex Offender Registry." He argues that providing a copy of the New Jersey order terminating his registration status instead is sufficient and that the statutory notice requirement "is an unnecessary step."

Petitioner's argument contradicts the plain language of N.C.G.S. § 14-208.12A. This Court has "no power to add to or subtract from the language of the statute"; rather, our "province . . . is to interpret statutes conformable to the language in which they are expressed, and to declare the law in accord with the will of the law-making power, when exercised within constitutional limits." *Ferguson v. Riddle*, 233 N.C. 54, 57 (1950). We decline to consider Petitioner's argument regarding the necessity of the statutory requirements because "[t]he question of the wisdom or propriety of statutory provisions is not a matter for the courts, but solely for the legislative branch

of the state government." *Id.* Because the trial court properly applied N.C.G.S. § 14-208.12A in denying the petition to terminate Petitioner's sex-offender registration, we affirm the trial court's order.

## IV. Conclusion

For the reasons above, this Court affirms the trial court's order denying termination of Petitioner's sex-offender registration.

AFFIRMED.

Judges HAMPSON and WOOD concur.

Report per Rule 30(e).